SANCHEZ v. GENE MEROLLIS CHEVROLET, INC.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—APPARENT AUTHORITY —AUTOMOBILE DEALER—SALESMAN—INSURANCE.

> Salesman acting within the scope of his employment as an automobile salesman for defendant automobile dealer *held*, to be clothed with apparent authority to sell insurance on the cars he sold; therefore defendant is liable for damages resulting from plaintiff's reliance on the salesman's representation that he had secured insurance on an automobile he sold to plaintiff when in fact he had secured no such insurance.

Appeal from Common Pleas Court of Detroit, John D. O'Hair, J. Submitted Division 1 January 14, 1969, at Detroit. (Docket No. 4,694.) Decided February 26, 1969.

Complaint by Gerald Sanchez against Gene Merollis Chevrolet, Inc., a Michigan corporation, to recover damages resulting from a misrepresentation by one of defendant's salesmen. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Meyers, Schlenker & Dimitry,* for plaintiff.

*Smith, Bokos & Jones (Clifford L. Weisberg,* of counsel), for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
3 Am Jur 2d, Agency § 399 *et seq.*

PER CURIAM.  Defendant's employee sold plaintiff a car.  Plaintiff alleged that he told the salesman he would have to buy new insurance but was told by the salesman not to bother because he would handle the insurance.  Plaintiff canceled his other insurance and was shortly involved in an accident which destroyed the car, learning then that no insurance had been procured for him.  The salesman denied that he so promised.  The plaintiff recovered a judgment for the value of the car less salvage.

On appeal, the dealer states that his employee was agent of two principals—defendant and the insurance company.  They cite *Strait* v. *Ray North, Inc.* (1955), 343 Mich 130, in support of the dual principal argument.  We do not so read the case since it dealt with an action for specific performance of a contract of insurance rather than misrepresentation.

The core issue of the appeal appears to be whether defendant is liable for harm caused by the misrepresentation of its employee.

Here we find that the dealer had clothed a salesman with apparent authority to sell insurance and that the salesman's misrepresentation resulted in plaintiff's damage.

The record does not demonstrate any reversible error.

Affirmed.  Costs to appellee.