DICK LOEHR'S, INC v SECRETARY OF STATE

Docket No. 109286. Submitted June 7, 1989, at Grand Rapids. Decided September 6, 198.

The Secretary of State, determining that automobile dealer Dick Loehr's, Inc., had violated the Michigan Vehicle Code by committing a fraudulent act in connection with the sale of a used automobile, suspended Loehr's license as a dealer. The suspension was based on a finding that a salesman employed by Loehr's had misrepresented the automobile's accumulated mileage to its purchaser. Loehr's and its shareholders petitioned the Kalamazoo Circuit Court for review. The court, Donald E. Goodwillie, Jr., J., reversed, ruling that the salesman's actions could not be imputed to Loehr's since the salesman was not cloaked with actual, implied, or apparent authority to make fraudulent representations. The Secretary of State appealed.

The Court of Appeals *held*:

The responsibility of a principal for the acts of his agent extends to all cases where the agent is acting within the scope of his usual employment or is held out to the public, or to the other party, as having competent authority, although the agent has, in the particular instance, exceeded or violated his instructions and acted without authority.

Reversed.

AGENCY — LIABILITY OF PRINCIPAL — UNAUTHORIZED ACTS.

The responsibility of a principal for the acts of his agent extends to all cases where the agent is acting within the scope of his usual employment or is held out to the public, or to the other party, as having competent authority, although the agent has, in the particular instance, exceeded or violated his instructions and acted without authority.

*Miller, Johnson, Snell & Cummiskey* (by *Stephen Bransdorfer, Craig H. Lubben* and *Timothy*

REFERENCES

Am Jur 2d, Master and Servant §§ 404 *et seq.*
See the Index to Annotations under Automobile Dealers.

*J. Ryan*), and *Cornell, Dalzell & Ramey* (by *David Cornell*), for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frederick H. Hoffecker* and *Suzanne L. Wilhelm,* Assistant Attorneys General, for respondent.

Before: CYNAR, P.J., and CAVANAGH and N. J. KAUFMAN,* JJ.

PER CURIAM. The Secretary of State appeals as of right from the circuit court's order reversing his decision to suspend Dick Loehr's, Inc.'s motor vehicle dealer's license for seven business days. We reverse.

Following an administrative hearing, Dick Loehr's, Inc. was found to have committed a fraudulent act in violation of the Michigan Vehicle Code. MCL 257.249(d); MSA 9.1949(d). Specifically, the hearing officer found that a salesman for Loehr's had misrepresented the mileage of a used car in a sale to a customer. The proposal for decision by the hearing officer was subsequently adopted by the Secretary of State in his Final Decision and Order. The circuit court reversed, finding that Loehr's salesman was not cloaked with actual, implied, or apparent authority to make fraudulent representations regarding vehicle mileage, and therefore the actions of the salesman in that regard could not be imputed to Loehr's. We disagree.

The present case is governed by the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* A reviewing court may only reverse an administrative agency's decision or or-

---

* Former *Court of Appeals judge, sitting on the Court of Appeals by assignment.*

der if it: (a) violates the constitution or a statute; (b) exceeds the agency's authority or jurisdiction; (c) is made upon unlawful procedure; (d) is unsupported by competent, material or substantial evidence; (e) is arbitrary or capricious, or an abuse of discretion; or (f) is affected by any other substantial or material error of law. MCL 24.306; MSA 3.560(206). Appeal to the circuit court is not de novo; thus, this Court need not find the reviewing court's opinion to be clearly erroneous in order to reverse. MCR 2.613(C). Rather, we review the agency's decision in the same limited manner as the circuit court. *General Motors Corp v Bureau of Safety & Regulation,* 133 Mich App 284, 287-288; 349 NW2d 157 (1984).

Here, the circuit court has misconstrued the issue. The issue is not whether the salesman had the apparent authority to make "fraudulent" representations but, rather, simply whether the salesman had the apparent authority to make representations regarding the mileage of vehicles on Loehr's lot.

The Secretary of State understandably relies upon this Court's opinion in *Sanchez v Gene Merollis Chevrolet, Inc,* 16 Mich App 174; 175; 167 NW2d 596 (1969), which states:

> Defendant's employee sold plaintiff a car. Plaintiff alleged that he told the salesman he would have to buy new insurance but was told by the salesman not to bother because he would handle the insurance. Plaintiff canceled his other insurance and was shortly involved in an accident which destroyed the car, learning then that no insurance had been procured for him. The salesman denied that he so promised. The plaintiff recovered a judgment for the value of the car less salvage.
>
> On appeal, the dealer states that his employee

was agent of two principals—defendant and the insurance company. They [sic] cite *Strait v Ray North, Inc,* (1955), 343 Mich 130 [72 NW2d 39], in support of the dual principal argument. We do not so read the case since it dealt with an action for specific performance of a contract of insurance rather than misrepresentation.

The core issue of the appeal appears to be whether defendant is liable for harm caused by the misrepresentation of its employee.

Here we find that the dealer had clothed a salesman with apparent authority to sell insurance and that the salesman's misrepresentation resulted in plaintiff's damage.

The law is well settled that a principal is responsible for the acts of its agents done within the scope of the agent's authority. *Allstate Ins Co v Snarski,* 174 Mich App 148, 157; 435 NW2d 408 (1988), lv den 432 Mich 883 (1989). Moreover, a principal's responsibility to third persons is not confined to instances where the agent is acting with express or implied authority. "It extends further, and binds the principal in all cases where the agent is acting within the scope of his usual employment, or has held out to the public, or to the other party, as having competent authority, although, in fact, he has, in the particular instance, exceeded or violated his instructions, and acted without authority." *Snarski, supra,* p 158, quoting *Central Wholesale Co v Sefa,* 351 Mich 17, 27; 87 NW2d 94 (1957).

In this case, it cannot be argued that the salesman was not Loehr's agent, or that Loehr's sales staff does not have the authority, apparent or otherwise, to make representations regarding the mileage of vehicles they sell. Thus, we find that the circuit court made a clear error of law in reversing the decision of the Secretary of State. To

hold to the contrary would have the practical effect of insulating automobile dealerships from liability in cases of fraud by allowing them to shift the blame to their salespersons.

Relying on MCL 257.249(g); MSA 9.1949(g), Loehr's also argues that the statute only permits a dealer to be held liable for fraud if a stockholder, officer, director, or partner of the dealer has committed the fraudulent act. However, the plain language of the act does not support that interpretation. Moreover, statutes are to be construed so as to avoid absurd consequences. *King v Director of the Midland Co Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977).

We reverse, and reinstate the decision and order of the Secretary of State, with the suspension of Loehr's automobile dealer's license to commence on a date to be set by the Secretary of State.