STATE FARM FIRE & CASUALTY COMPANY v GROSHEK

Docket No. 94702. Submitted May 13, 1987, at Lansing. Decided July 20, 1987.

State Farm Fire & Casualty Company filed a declaratory judgment action in the Genesee Circuit Court against defendants Garett Groshek and his father, Norman M. Groshek, to determine its obligation under an insurance contract. Plaintiff contended that liability was avoidable under a policy provision excluding liability for bodily injury or property damage which is expected or intended by the insured. Lori Morse, Clifford Morse and Darlene Morse were added as intervening defendants. The facts indicate that Lori Morse called Garett Groshek to tell him of her fear of William Badgerow, who was her former boyfriend, who had previously raped her and was going to visit her. Garett Groshek went to Morse's house, saw Badgerow standing with Morse, struck Badgerow in the head from behind, and ran off. Garett Groshek thereafter pled guilty to felonious assault based on the incident. In addition, Badgerow filed a civil action against Garett Groshek and Garett Groshek sought to have his father's homeowner insurer, State Farm, provide coverage in that action. State Farm then filed this declaratory judgment action. The circuit court, Valdemar L. Washington, J., found in favor of Garett Groshek determining that he had in fact assaulted Badgerow for the purpose of protecting Morse, and that such an overriding protective purpose, as a matter of law, removed Groshek's intentional act from the scope of the insurance policy's exclusionary clause. State Farm appealed.

The Court of Appeals *held:*

1. The insurance policy excludes from coverage injury or

REFERENCES

Am Jur 2d, Assault and Battery §§ 6, 49-52.
Am Jur 2d, Criminal Law §§ 4, 130.
Am Jur 2d, Contracts § 267.
Am Jur 2d, Insurance §§ 587 *et seq.*; 708 *et seq.*; 731, 995, 1452.
Am Jur 2d, Torts §§ 6, 17-21.
Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

destruction caused intentionally by or at the direction of the insured and excludes coverage for such injury or damage which is expected or intended by the insured.

2. The lower court's conclusion that Garett Groshek's overriding protective purpose in safeguarding Morse from being raped served to remove Groshek's intentional act from the scope of the insurance policy's exclusionary clause was not based on any consideration of the natural, foreseeable, expected and anticipatory results of Groshek's intentional act. The trial court thus effectively expanded the scope of the insured's coverage. Since the lower court failed to determine whether any expectation of injury existed, it failed in its application of the relevant law.

3. Garett Groshek's assault on Badgerow falls within the insurance policy's exclusionary clause, even though Groshek did not intend to injure Badgerow as extensively as he did. Badgerow's head injury was the natural, foreseeable, expected and anticipatory result of Groshek's intentional act.

4. Groshek's guilty plea and related evidence on the charge of felonious assault regarding the incident with Badgerow established the necessary intent or expectation to make the insurance policy's exclusionary clause applicable. Thus, Groshek was precluded from successfully arguing in the declaratory judgment action that he lacked the intention or expectation to cause injury to Badgerow.

Reversed.

1. INSURANCE — CONTRACTS — LIABILITY OF INSURER.

The liability of an insurer is principally governed by the obligations in its insurance contract; it is neither reasonable nor just to allow one party to an insurance contract to bind the other to an obligation not covered by the contract as written merely because the first party believed that the other was so bound.

2. TORTS — EXPECTATION OF INJURY.

One who commits an act that has a natural tendency to cause death or great bodily harm can reasonably expect those results to ensue from commission of the act.

3. CRIMINAL LAW — FELONIOUS ASSAULT — SPECIFIC INTENT.

Felonious assault is a specific intent crime; a conviction requires a showing that the defendant intended to injure or intended to put the victim in reasonable fear or apprehension of an immediate battery (MCL 750.82; MSA 28.277).

4. CRIMINAL LAW — INSURANCE.

An insured's plea of guilty to a crime involving intentional

conduct dispels any triable factual issue regarding the insured's intention of or expectation to cause injury to the victim.

*Andrews, Philpott & Piper* (by *Douglas M. Philpott*), for plaintiff.

*O'Rourke, Goldstein, Joseph & Kelly, P.C.* (by *Brian C. Veenhuis*), for Garett Groshek and Norman Groshek.

Before: DANHOF, C.J., and MACKENZIE and J. P. SWALLOW,* JJ.

PER CURIAM. Plaintiff appeals from an opinion and order issued by Genesee Circuit Judge Valdemar L. Washington on August 6, 1986, declaring plaintiff liable under a homeowner's insurance policy to defend and indemnify defendants in a tort action resulting from defendant Garett Groshek's assault upon a third party. We hold that plaintiff was not obliged to defend and indemnify defendants under the facts in this case and therefore reverse.

The facts were presented to the trial judge by way of stipulated documentation and briefs. On November 3, 1983, intervening defendant Lori Morse called defendant Garett Groshek (defendant) to tell him of her fear regarding a man named William Badgerow. She said that Badgerow, who at one time was her boyfriend, had previously raped her and was going to visit her. Apparently, there existed some sort of relationship between defendant and Morse at this time. When defendant arrived at Morse's house he saw Badgerow standing with Morse, struck Badgerow in the head from behind, and ran off. Subsequently, defendant pled guilty to felonious assault, MCL 750.82; MSA 28.277, based on the incident. In

---

* Circuit judge, sitting on the Court of Appeals by assignment.

addition, Badgerow filed a civil action against defendant, and the latter sought to have his father's homeowner insurer, plaintiff herein, provide coverage in that action. Plaintiff filed this declaratory action to determine its obligation under the parties' insurance contract, contending that liability was avoidable under a policy provision excluding liability for "bodily injury or property damage which is expected or intended by the insured."[1]

The circuit court found in favor of defendant, determining that defendant had in fact assaulted Badgerow for the purpose of protecting Morse and that such an overriding protective purpose, as a matter of law, removed defendant's intentional act from the scope of the insurance policy's exclusionary clause. Although we do not find clear error in the court's factual finding, we hold that reversal is mandated as a matter of law. *Saunders v Dearborn,* 107 Mich App 499, 506-507; 309 NW2d 641 (1981).

In support of its holding that defendant's protective motive vitiated the exclusion-from-coverage provision, the lower court relied solely on *Putman v Zeluff,* 372 Mich 553; 127 NW2d 374 (1964). In that case, a boy who was camping out on his father's property with a friend shot and killed a pedigreed coon-hound which he mistakenly believed to have been a wild dog attacking him. His parents' insurance policy excluded coverage for "injury . . . death or destruction caused intentionally by or at the direction of the insured." The trial court found that coverage existed, reasoning that the boy intended to protect himself from attack and to stop the dog. The Supreme Court affirmed, emphasizing that "By no reading of the record could it possibly be found as a matter of

---

[1] Subsequently, defendant Garett Groshek was killed in an unrelated motorcycle accident.

law that [the boy] intended to destroy plaintiff's pedigreed Blue Tick coon-hound." *Id.,* p 556. In support of its conclusion, the Court cited *Morrill v Gallagher,* 370 Mich 578, 588; 122 NW2d 687 (1963), in which it was clarified that, under an identical exclusionary provision regarding injury and destruction caused intentionally by an insured, the actual injury—and not merely the act which caused the injury—must have been caused intentionally in order for the exclusion to be operative. Thus, under *Morrill,* if an insurance policy excludes intentional injury, both an intentional act and an intentional injury must be shown before the insurer may avoid coverage. See *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462, 467, n 1; 382 NW2d 796 (1985); *Turner v Burch,* 156 Mich App 303, 306; 401 NW2d 355 (1986).

The *Morrill* line of cases, however, is distinguishable from the instant case because here the parties' insurance policy does not exclude from coverage merely injury or destruction "caused intentionally by or at the direction of the insured," but rather excludes coverage for such injury or damage "which is expected or intended by the insured." In construing the contract language, this distinction "should be constantly borne in mind." *Linebaugh v Berdish,* 144 Mich App 750, 755; 376 NW2d 400 (1985). See, generally, Anno: *Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured,* 31 ALR4th 957, 971-976. In *State Farm v Jenkins, supra,* pp 467-468, this Court stated:

> We believe, where a policy excludes coverage for intended *or* expected injuries, a distinction should be drawn between the terms "intentional" and "expected." In order to avoid liability for an ex-

pected injury, it must be shown that the injury was the natural, foreseeable, expected, and anticipatory result of an intentional act.

The *Jenkins* panel determined that the trial court in that case correctly found that death or serious injury was the natural, foreseeable, expected and anticipated result of the stealthy and intentional placement of explosives in the deceased's automobile. In rendering its decision, the panel emphasized that the "expected or intended" language under scrutiny was broader than the mere intentionality language at issue in *Morrill* and similar cases. *Id.,* p 466; see also *Allstate Ins Co v Freeman,* 160 Mich App 349; 408 NW2d 153 (1987).

In the instant case, the trial court's legal analysis did not include an application of the *Jenkins* rule; indeed, the court's analysis specifically rejected the application of *Jenkins* in favor of a rule which we view as being either novel or an extension of the test to be followed in cases with pure intentionality language similar to that in *Morrill.* In any event, the lower court's conclusion, that defendant's overriding protective purpose in safeguarding Morse from being raped served to remove defendant's intentional act from the scope of the insurance policy's exclusionary clause, was not based on any consideration of the natural, foreseeable, expected and anticipatory results of defendant's intentional act. In its written opinion, the court expressly mentioned that, although defendant had stated that he did not intend to hit Badgerow as hard as he did, "we need not reach that issue . . . ." In so holding, the court ignored the *Jenkins* principles as well as the language of the insurance provision itself, thereby effectively expanding the scope of plaintiff's coverage. The liability of an insurer, however, is principally gov-

erned by the obligations in its insurance contract. It is neither reasonable nor just to allow one party to an insurance contract to bind the other to an obligation not covered by the contract as written merely because the first party believed that the other was so bound. *Raska v Farm Bureau Ins Co,* 412 Mich 355, 363; 314 NW2d 440 (1982). In this case, since the lower court failed to determine whether any expectation of injury existed, it erred in its application of the relevant law.

Moreover, we agree with plaintiff that defendant's assault on Badgerow falls within the insurance policy's exclusionary clause, even though defendant did not intend to injure Badgerow as extensively as he did. In *Jenkins,* the insured made a similar argument, stating that he placed an amount of explosive material in the deceased's car which he had determined would merely cause a minor explosion. Specifically denied was any intention or expectation that the deceased would be killed by the explosion. According to the insured in *Jenkins,* he placed a minimal amount of explosive material in the deceased's car in order to help protect his friend, the deceased's wife, from further physical abuse from the deceased. In concluding that the insured nevertheless expected to injure the deceased, this Court observed that "one who commits an act that has a natural tendency to cause death or great bodily harm can reasonably expect those results to ensue from commission of the act." 147 Mich 468.

In this case, whether viewing defendant's action from a subjective or an objective perspective, we ineluctably conclude that by striking Badgerow in the head from behind with a branch, defendant, at a minimum, expected Badgerow to sustain some injury. In a factually similar case, an insured kicked a man in the nose and afterward argued

that he was entitled to coverage despite a policy provision excluding coverage for injury "expected or intended" by the insured. *Group Ins Co v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981). This Court found that "The injury sustained . . . was the natural, foreseeable, expected and anticipatory result of the intentional act of [the insured]." *Id.,* p 516. In the instant case, although defendant's motive *for intentionally striking Badgerow on the* head may have been laudable—namely, the prevention of Morse's rape—that motive cannot obscure the obvious consequences of such a violent act. Under the circumstances in this case, we need not decide whether the injury sustained by Badgerow was an injury reasonably, i.e., objectively, to be expected by defendant as a result of his action or was an injury only subjectively to be expected by him. See *Iowa Kemper Ins Co v Kasper,* 419 Mich 924, 926; 355 NW2d 109 (1984) (Levin, J.). Under either analysis, we conclude that Badgerow's head injury, although perhaps more extensive than that intended by defendant, was the natural, foreseeable, expected and anticipatory result of defendant's intentional act.[2]

---

[2] In his complaint in his civil action against defendant, Badgerow alleged that as a result of being struck in the head with a stick or log by defendant, Badgerow sustained the following injuries:

> [A] cerebral concussion, unconsciousness, fracture of the left frontal maxillary suture line, blowout fracture, left orbital floor and fracture lateral wall left, maxillary sinus, laceration left upper and lower eyelids, ecchymosis and hematomas around the left eye, multiple lacerations of the eyelids, subconjunctival hemorrhage of the left eye, fracture of tooth number nine to the root, damage to the left eye, tripod fracture, left zygomatic complex, open reduction of the communited fracture of the left zygoma, inability to proximate the laterial orbital rim by virtue of the many shattered bone fragments, hemorrhage from the lacerated and shattered areas, pain and suffering to the eye, head, face, past and future, visual disturbance, loss of earning capacity, medical, surgical and hospital expenses past and future, permanent loss of the destroyed tooth, facial disfigura-

Finally, we also agree with plaintiff that defendant's guilty plea and related evidence on the charge of felonious assault regarding the incident with Badgerow established the necessary intent or expectation to make the insurance policy's exclusionary clause applicable. Felonious assault is a specific intent crime. MCL 750.82; MSA 28.277; CJI 17:4:01; *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979). A conviction for felonious assault requires a showing that defendant intended to injure or intended to put the victim in reasonable fear or apprehension of an immediate battery. *People v Robinson,* 145 Mich App 562, 564; 378 NW2d 551 (1985). In addition to his guilty plea for felonious assault, defendant's testimony at an interview established that he intended to injure Badgerow, and even casts grave doubt on the lower court's finding that defendant was motivated to act as he did based on a protective purpose. In that interview, defendant stated that after Morse told him that she and Badgerow were getting back together, he told Morse that he "was going to beat [Badgerow] up" and told another person that he "was going to smash [Badgerow's] face . . . break his nose." He further stated that he had directed Morse to alert him if Badgerow ever appeared, "So I could beat him up." Moreover, defendant stated that Morse and Badgerow were "talking and kissing" outside Morse's house when he picked up the tree limb and struck Badgerow in the head from behind.

In *State Farm v Jenkins, supra,* the insured pled guilty to second-degree murder in connection with the intentional act which resulted in the victim's death. This Court found that plea dispositive of the expectation-of-injury question in the declaratory

tion, loss of life's enjoyments, humilation, suffering and anguish.

action brought by the insurer under an insurance policy's exclusionary clause for injuries "expected or intended by the insured." 147 Mich App 468-469. Similarly, in *Yother v McCrimmon,* 147 Mich App 130, 134; 383 NW2d 126 (1985), this Court upheld the use of a defendant's plea-based conviction of aggravated assault under circumstances similar to those in the present case. We believe that an insured's plea of guilty to a crime involving intentional conduct such as that in the present case dispels any triable factual issue regarding the insured's intention or expectation to cause injury to the victim. We are therefore persuaded that the defendant in this case was precluded from successfully arguing in the declaratory action below that he lacked the intention or expectation to cause injury to Badgerow.

Accordingly, the circuit court's judgment is reversed and the case is remanded for entry of judgment in favor of plaintiff.

Reversed.