## ALLSTATE INSURANCE COMPANY v HAMPTON

Docket No. 103661. Submitted July 8, 1988, at Lansing. Decided August 8, 1988.

Allstate Insurance Company brought an action in the Genesee Circuit Court against James Hampton and Wanda McCallister, in her capacity as next friend of Hampton's twelve-year-old daughter, seeking a declaration that, under the terms of its homeowner's policy covering Hampton, it was under no duty to defend Hampton in a personal injury action brought on behalf of Hampton's daughter for injuries she allegedly sustained from having sexual relations with Hampton. The trial court, Thomas C. Yeotis, J., granted summary disposition in favor of plaintiff. Defendant McCallister appealed.

The Court of Appeals *held:*

1. Under the terms of the policy, coverage does not extend to bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person. The alleged conduct in this case falls within the intentional, if not the criminal-act, exclusion of the policy.

2. The claim that Hampton's voluntary intoxication vitiated intent is without merit. Where an insured voluntarily ingests alcohol, he may not assert as a defense to an exclusionary clause in an insurance policy such as the one in this case that he lacked the capacity to form the intent to act or harm.

Affirmed.

1. INSURANCE — HOMEOWNER'S INSURANCE — EXCLUSIONS — INTENTIONAL OR CRIMINAL ACTS.

A homeowner's insurer, under a policy providing that coverage does not extend to bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an

REFERENCES

Am Jur 2d, Insurance §§ 260 *et seq.*

Liability insurance: intoxication or other mental incapacity avoiding application of clause in liability policy specifically exempting coverage of injury or damage caused intentionally by or at direction of insured. 33 ALR4th 983.

insured, is not under a duty to defend an insured in a personal injury action brought on behalf of the insured's minor child for injuries sustained from the insured's nonconsensual sexual conduct involving the child.

2. INSURANCE — HOMEOWNER'S INSURANCE — EXCLUSIONS — INTENTIONAL ACTS — VOLUNTARY INTOXICATION.

An insured who voluntarily ingests alcohol may not, as a defense to a policy exclusion for intentional acts, assert that he lacked the capacity to form the intent to act or harm.

*Iamarino & Waun, P.C.* (by *Thomas W. Waun*), for Allstate Insurance Company.

*Michael J. Mangapora,* for Wanda McCallister.

Before: BEASLEY, P.J., and SAWYER and T. J. FOLEY,* JJ.

PER CURIAM. Defendant Wanda McCallister, individually and as next friend of the minor victim, appeals as of right from a September 10, 1987, order granting summary disposition to plaintiff, Allstate Insurance Company. Plaintiff had filed a complaint for a declaratory judgment to establish that it did not have any duty to provide coverage under a homeowner's policy to defendant James Hampton for injuries allegedly sustained by his adopted twelve-year-old daughter, the natural daughter of defendant's wife, when, according to her complaint in the underlying cause of action, defendant engaged in sexual relations with her.

The Allstate homeowner's policy contains the following exclusion:

> 1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant's daughter's complaint alleged:

> 8. That defendant, James O. Hampton, during the period of February 1982 had sexual relations, including but not limited to, vaginal intercourse, with the aforesaid minor child.

The alleged conduct certainly falls within the intentional, if not the criminal-act,[1] exclusion of the insurance policy.

Defendant McCallister argues that without James Hampton's testimony it cannot be inferred that he intended to injure his daughter. In *Linebaugh v Berdish*,[2] the Court held that the intent to injure can be inferred as a matter of law from the alleged sexual penetration of a child. Here, the insurance policy excludes from coverage not only intentional injuries but also injuries reasonably expected to result from intentional conduct. The victim's complaint alleges the types of injuries that reasonably can be expected when a father allegedly engages in nonconsensual sexual conduct with his minor child, regardless of whether sexual penetration occurred.

Finally, McCallister's argument that the possible voluntary intoxication of defendant James Hampton would vitiate . intent also lacks merit. Where an insured voluntarily ingests alcohol, he may not, as a defense to an exclusionary clause in an insurance policy such as the one at bar, assert that he lacked the capacity to form the intent to act or harm.[3]

Affirmed.

---

[1] See MCL 750.520a *et seq.*; MSA 28.788(1) *et seq.*

[2] 144 Mich App 750; 376 NW2d 400 (1985).

[3] See *Allstate Ins Co v Sherrill,* 566 F Supp 1286 (ED Mich, 1983).