## TOBIN v AETNA CASUALTY & SURETY COMPANY

Docket No. 102320. Submitted June 21, 1988, at Lansing. Decided November 23, 1988.

Kevin A. Tobin allegedly hit James Tobin, Jr., in the face and injured him. James Tobin sued Kevin Tobin claiming negligence and assault and battery. Kevin Tobin looked to Aetna Casualty & Surety Company, his homeowner's insurance carrier, to defend him and provide liability coverage for any judgment against him in the case. Aetna denied any duty to defend or provide coverage to Kevin Tobin. Kevin Tobin then filed a declaratory judgment action against Aetna in Genesee Circuit Court. The court, Valdemar L. Washington, J., granted partial summary disposition in favor of Kevin Tobin, finding that Aetna had a duty to defend the action against Kevin Tobin. The court denied summary disposition on the issue of whether Aetna had a duty to provide coverage to Kevin Tobin, finding that this issue was a question of fact. Aetna appealed by leave granted the finding that it has a duty to defend the action against Kevin Tobin.

The Court of Appeals *held:*

The homeowner's policy at issue excluded coverage for injuries sustained as the natural, foreseeable, expected, and anticipated result of the insured's intentional act. The trial court erred in granting partial summary disposition. James Tobin's alleged injuries were the natural, foreseeable, expected, and anticipated result of Kevin Tobin's admittedly intentional act of striking him. Aetna has no duty to defend or provide coverage under the facts of this case.

Reversed and remanded.

1. INSURANCE — EXCLUSIONS — INJURIES EXPECTED OR INTENDED BY INSURED.

Language in an insurance policy which excludes coverage for injuries expected or intended by the insured has been inter-

REFERENCES

Am Jur 2d, Insurance §§ 708, 709, 1405 *et seq.*

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

preted to apply where the injury sustained was the natural, foreseeable, expected, and anticipated result of the insured's intentional act.

2. INSURANCE — INJURIES EXPECTED OR INTENDED BY INSURED — INFERENCES.

Some acts are so certain to produce injury that intent or expectation to injure should be inferred as a matter of law.

3. INSURANCE — DUTY TO DEFEND — DUTY TO PROVIDE COVERAGE — TORTS — NEGLIGENCE.

There is no duty to defend or provide coverage where a complaint is merely an attempt to trigger insurance coverage by characterizing allegations of tortious conduct as negligent activity.

4. INSURANCE — DUTY TO DEFEND — PLEADING.

An insurer's duty to defend is not limited by the precise language of pleadings; the insurer is not required to defend against claims expressly excluded from policy coverage.

*Nill, Kirby, Rockwell & Swann, P.C.* (by *Norman J. Christopherson*), for plaintiff.

*Robert A. Hahn and Thomas C. Wimsatt,* for Aetna Casualty & Surety Company.

*John J. Kalo,* for James E. Tobin, Jr.

Before: WAHLS, P.J., and HOOD and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant insurance company appeals by leave granted from the lower court's grant of partial summary disposition on plaintiff's MCR 2.116(C)(10) motion, finding that defendant had a duty to defend plaintiff in an action brought by plaintiff's brother. We reverse.

James Tobin sued plaintiff claiming negligence and assault and battery arising out of an incident in which plaintiff hit him in the face and injured him. Plaintiff was insured under a homeowner's

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

insurance policy from defendant which provided for liability coverage and a duty to defend, but which excluded coverage for injuries "expected or intended by the insured." This Court has interpreted this exclusionary language to apply when the injury sustained was the natural, foreseeable, expected, and anticipated result of the insured's intentional act. *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703, 710; 411 NW2d 480 (1987); *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462, 468; 382 NW2d 796 (1985); *Yother v McCrimmon,* 147 Mich App 130, 133-134; 383 NW2d 126 (1985).

At his deposition, plaintiff testified that James Tobin grabbed him because of a misunderstanding regarding a woman. James would not let him go so plaintiff hit him once in the eye with a closed hand. Plaintiff aimed for James' eyebrow because he thought that he would do the least amount of damage if he hit him there. Plaintiff hit James right where he wanted to. While plaintiff may claim that he did not intend to injure James Tobin, to say there was no expectation of injury is patently disingenuous. Some acts are so certain to produce injury that intent or expectation to injure should be inferred as a matter of law. *Allstate Ins Co v Freeman,* 160 Mich App 349, 356; 408 NW2d 153 (1987).

Although James Tobin's complaint alleges that plaintiff negligently struck him, that characterization does not control the applicability of the exclusionary clause. There is no duty to defend or provide coverage where a complaint is merely an attempt to trigger insurance coverage by characterizing allegations of tortious conduct as "negligent" activity. *Aetna Casualty & Surety Co v Sprague,* 163 Mich App 650, 654; 415 NW2d 230 (1987).

The duty to defend is not limited by the precise language of pleadings. The insurer is not required to defend against claims expressly excluded from policy coverage. *Meridian Mutual Ins Co v Hunt,* 168 Mich App 672, 677; 425 NW2d 111 (1988).

In reviewing the grant of plaintiff's MCR 2.116(C)(10) motion, this Court looks beyond the pleadings to the other available record. We give the benefit of any reasonable doubt and view the evidence in a light most favorable to the insurer as the party opposing the motion. *Freeman, supra,* pp 352-353.

Our review indicates that the trial court erred in granting summary disposition here. James Tobin's alleged injuries were the natural, foreseeable, expected, and anticipated result of plaintiff's admittedly intentional act of striking him. Plaintiff's insurance policy excluded coverage for bodily injury which was expected or intended by the insured. Defendant has no duty to defend or provide coverage in James Tobin's action against plaintiff.

The decision of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed and remanded.