STATE FARM FIRE & CASUALTY COMPANY v HERON

Docket No. 110537. Submitted July 19, 1989, at Grand Rapids. Decided September 19, 1989.

Hildred Ben Morgan died as a result of injuries he received in an assault by James R. Heron. State Farm Fire & Casualty Company brought an action against Heron, Barbara Morgan, personal representative of the decedent's estate, and another in the Cass Circuit Court for a declaratory judgment that plaintiff owed no duty to defend or indemnify Heron, its insured, because of an exclusion for bodily injury expected or intended by the insured. The court, Michael E. Dodge, J., ruled in favor of plaintiff. Barbara Morgan appealed.

The Court of Appeals *held:*

Language in an insurance policy which excludes coverage for injuries expected or intended by the insured has been interpreted to apply where the injury sustained was the natural, foreseeable, expected, and anticipated result of the insured's intentional act. While Heron may not have intended Morgan's death, such a result was the natural, foreseeable, expected and anticipatory result of Heron's intentional attack.

Affirmed.

INSURANCE — EXCLUSIONS — INJURIES EXPECTED OR INTENDED BY INSURED.

Language in an insurance policy which excludes coverage for injuries expected or intended by the insured has been interpreted to apply where the injury sustained was the natural, foreseeable, expected, and anticipated result of the insured's intentional act.

*James, Dark & Brill* (by *J. William Dark*), for plaintiff.

*Bruce C. Conybeare,* for Barbara Morgan.

REFERENCES

Am Jur 2d, Insurance §§ 708, 709.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

Before: Danhof, C.J., and Cynar and Weaver, JJ.

Per Curiam. Following a bench trial, the trial court ruled in favor of plaintiff, State Farm Fire & Casualty Company, on its declaratory judgment action. The trial court determined that plaintiff owed no duty to defend or indemnify defendant Heron under the terms of his homeowner's insurance policy with regard to defendant Heron's conduct in the beating death of defendant Barbara Morgan's decedent, Hildred Ben Morgan. The court found that the policy exclusion for "bodily injury which is expected or intended by the insured" precluded coverage. Defendant Morgan appeals as of right. We affirm.

The incident which forms basis of this declaratory judgment action occurred on the evening of April 19, 1986, outside the bar of the V.F.W. hall in Dowagiac, Michigan. Ben Morgan and defendant Heron were apparently involved in a disagreement. Witnesses saw Heron punch Morgan in the face, causing him to fall. Thereupon Heron sat on top of Morgan and continued to punch Morgan in the face until he was pulled off by other witnesses. Morgan lapsed into a coma for several days and then died.

In his deposition, the pathologist who performed the autopsy stated that Morgan's death was caused by a "closed head injury" which was not consistent with a slip-and-fall type of injury but, rather, was more consistent with physical trauma such as an altercation or a car or motorcycle accident.

In a lengthy opinion, the trial court found that Morgan's death was the "natural, foreseeable, expected, and anticipatory result" of the actions of the insured, defendant Heron, thereby excluding insurance coverage for defendant Heron pursuant

to the "expected or intended" exclusion of his homeowner's policy.

Here on appeal, defendant Morgan argues that coverage under the policy is excluded only if defendant Heron intended both the assault and the resultant injury, in this case, the death of Ben Morgan. We disagree.

Recently, in *Tobin v Aetna Casualty & Surety Co*, 174 Mich App 516; 436 NW2d 402 (1988), our Court dealt with a very similar factual situation. In *Tobin*, the plaintiff sought to have Aetna defend and indemnify him under his homeowner's policy with regard to an action brought by the plaintiff's brother for injuries he received in an altercation with the plaintiff.

The *Tobin* Court cited the increasingly long line of cases which have interpreted the "expected or intended" exclusionary language to apply when the injury sustained was the "natural, foreseeable, expected, and anticipated result" of the insured's intentional act. *Tobin, supra*, p 518, citing, *State Farm Fire & Casualty Co v Groshek*, 161 Mich App 703, 710; 411 NW2d 480 (1987); *State Farm Fire & Casualty Co v Jenkins*, 147 Mich App 462, 468; 382 NW2d 796 (1985); *Yother v McCrimmon*, 147 Mich App 130, 133-134; 383 NW2d 126 (1985). See also, e.g., *Greenman v Michigan Mutual Ins Co*, 173 Mich App 88, 93; 433 NW2d 346 (1988); *Allstate Ins Co v Freeman*, 160 Mich App 349, 354-357; 408 NW2d 153 (1987).

Defendant cites in support of her argument the Michigan Supreme Court opinion *Morrill v Gallagher*, 370 Mich 578; 122 NW2d 687 (1963), and its progeny. However, the *Morrill* line of cases is easily distinguishable as each case deals with exclusionary language materially different from the language at issue here. In the *Morrill* cases, the exclusionary language did not refer to "expected"

injuries, only "intended" injuries. This difference was aptly noted in *Groshek, supra,* pp 707-708, where our Court noted the different meanings accorded to the words "expected" and "intended":

> The *Morrill* line of cases, however, is distinguishable from the instant case because here the parties' insurance policy does not exclude from coverage merely injury or destruction "caused intentionally by or at the direction of the insured," but rather excludes coverage for such injury or damage "which is expected or intended by the insured." In construing the contract language, this distinction "should be constantly borne in mind." *Linebaugh v Berdish,* 144 Mich App 750, 755; 376 NW2d 400 (1985). See, generally, Anno: *Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured,* 31 ALR4th 957, 971-976. In *State Farm v Jenkins* [147 Mich App 462, 467-468; 382 NW2d 796 (1985)] this Court stated:
>
> "We believe, where a policy excludes coverage for intended *or* expected injuries, a distinction should be drawn between the terms 'intentional' and 'expected.' In order to avoid liability for an expected injury, it must be shown that the injury was the natural, foreseeable, expected, and anticipatory result of an intentional act."
>
> The *Jenkins* panel determined that the trial court in that case correctly found that death or serious injury was the natural, foreseeable, expected and anticipated result of the stealthy and intentional placement of explosives in the deceased's automobile. In rendering its decision, the panel emphasized that the "expected or intended" language under scrutiny was broader than the mere intentionality language at issue in *Morrill* and similar cases. *Id.,* p 466; see also *Allstate Ins Co v Freeman,* 160 Mich App 349; 408 NW2d 153 (1987).

Applying the correct interpretation of the "ex-

pected or intended" exclusion to the facts before it, the *Tobin* Court stated:

> At his deposition, plaintiff testified that James Tobin grabbed him because of a misunderstanding regarding a woman. James would not let him go so plaintiff hit him once in the eye with a closed hand. Plaintiff aimed for James' eyebrow because he thought that he would do the least amount of damage if he hit him there. Plaintiff hit James right where he wanted to. While plaintiff may claim that he did not intend to injure James Tobin, to say there was no expectation of injury is patently disingenuous. *Some acts are so certain to produce injury that intent or expectation to injure should be inferred as a matter of law. Allstate Ins Co v Freeman,* 160 Mich App 349, 356; 408 NW2d 153 (1987). [*Tobin, supra,* p 518, emphasis added.]

See also *Greenman, supra,* p 93.

In *Groshek, supra,* pp 709-710, our Court noted:

> In this case, whether viewing defendant's action from a subjective or an objective perspective, we ineluctably concluded that by striking Badgerow in the head from behind with a branch, defendant, at a minimum, expected Badgerow to sustain some injury. In a factually similar case, an insured kicked a man in the nose and afterward argued that he was entitled to coverage despite a policy provision excluding coverage for injury "expected or intended" by the insured. *Group Ins Co v Morelli,* 111 Mich App 510; 314 NW2d 672 (1981). This Court found that "The injury sustained . . . was the natural, foreseeable, expected and anticipatory result of the intentional act of [the insured]." *Id.,* p 516. In the instant case, although defendant's motive for intentionally striking Badgerow on the head may have been laudable—namely, the prevention of Morse's rape—that motive cannot obscure the obvious consequences of such a violent act. Under the circumstances in this case, we need

not decide whether the injury sustained by Badgerow was an injury reasonably, i.e., objectively, to be expected by defendant as a result of his action or was an injury only subjectively to be expected by him. See *Iowa Kemper Ins Co v Kasper,* 419 Mich 924, 926; 355 NW2d 109 (1984) (LEVIN, J.). Under either analysis, we conclude that Badgerow's head injury, *although perhaps more extensive than that intended by defendant,* was the natural, foreseeable, expected and anticipatory result of defendant's intentional act. [Emphasis added.]

Here, as in *Tobin, supra,* and *Groshek, supra,* although defendant Heron may not have intended Ben Morgan's death, we agree with the trial court that such a result was nonetheless a natural, foreseeable, expected and anticipatory result of defendant Heron's intentional assault.

Affirmed.