FREMONT MUTUAL INSURANCE COMPANY v WIESCHOWSKI

Docket No. 113045. Submitted August 3, 1989, at Lansing. Decided September 25, 1989.

Michael R. Wieschowski physically assaulted George E. Morasky, resulting in a permanent hip injury to Morasky. Morasky filed suit against Wieschowski in Alpena Circuit Court seeking damages for his injuries. Wieschowski informed Fremont Mutual Insurance Company, his homeowner's insurance company, that he had been sued and sought coverage under his policy. Fremont Mutual filed a declaratory judgment action in Alpena Circuit Court naming Wieschowski and Morasky as defendants and alleging that it had no duty to provide coverage to Wieschowski or defend him because of an exclusion in the policy for bodily injury or property damage which is either expected or intended from the standpoint of the insured. The court, Joseph P. Swallow, J., found that Wieschowski intended or expected the injury to Morasky and held that Fremont Mutual was released from any duty to cover or defend Wieschowski due to the policy exclusion. Summary disposition was granted in favor of Fremont Mutual. George Morasky appealed.

The Court of Appeals *held:*

1. The court correctly found that Wieschowski's admittedly intentional assault and beating of Morasky resulted in injury which was the natural, foreseeable, expected and anticipated result of the insured's intentional act. The assault falls within the policy exclusion even though Wieschowski may not have intended to injure Morasky in the particular manner, or as extensively, as he did.

2. The fact that Morasky's complaint also alleged negligence, gross negligence, and wilful and wanton misconduct by Wieschowski does not control the applicability of the exclusionary clause. No duty to defend or provide coverage arises where the complaint is merely an attempt to trigger insurance coverage

REFERENCES

Am Jur 2d, Insurance §§ 708, 709.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

by characterizing allegations of tortious conduct as negligent activity.

Affirmed.

1. Insurance — Homeowner's Insurance — Exclusions — Intentional Harm — Unintended Injury.

The fact that an insured does not intend the specific injury which results from his intentional assault of another does not avoid a policy exclusion for bodily injury expected or intended from the standpoint of the insured where the resultant injury was the natural, foreseeable, expected and anticipated result of the insured's intentional act; once intended harm is established, the fact of an unintended injury is irrelevant.

2. Insurance — Duty to Defend — Duty to Provide Coverage — Torts — Negligence.

There is no duty to defend or provide coverage where the complaint is merely an attempt to trigger insurance coverage by characterizing allegations of tortious conduct as negligent activity.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Gregory E. Meter* and *Scott C. Strattard*), for Fremont Mutual Insurance Company.

*Gillard, Bauer, Mazrum, Florip & Smigelski* (by *William S. Smigelski*), for Michael R. Wieschowski.

*Boyce, White & Werth* (by *Daniel W. White*), for George E. Morasky.

Before: Hood, P.J., and Cavanagh and J. W. Fitzgerald,* JJ.

Per Curiam. On June 6, 1988, plaintiff Fremont Mutual Insurance Company filed this declaratory action in the Alpena Circuit Court claiming it had no duty to defend its insured, defendant Michael R. Wieschowski, because of a policy exclusion for bodily injury "expected or intended from the standpoint of the insured." The circuit court

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

granted plaintiff's motion for summary disposition under MCR 2.116(C)(10). Defendant George Morasky appeals as of right and we affirm.

We have reviewed defendant Morasky's claims of error pursuant to the established standards for summary disposition under MCR 2.116(C)(10), see *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988), and *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988), and find no error. The trial court correctly found that Wieschowski's admittedly intentional assault and beating of Morasky resulted in injury which was the natural, foreseeable, expected and anticipated result of the insured's intentional act. See *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989). Wieschowski's assault on Morasky unambiguously falls within the insurance policy's exclusion. This is so even though Wieschowski may not have intended to injure Morasky in the particular manner, or as extensively, as he did. See *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703, 709; 411 NW2d 480 (1987). Once intended harm is established, the fact of an unintended injury is irrelevant. *Freeman, supra,* p 718 (opinion of BOYLE, J.). We therefore reject Morasky's contention that his hip injury, and the particular manner in which it was injured, was neither expected nor intended by the insured so as to avoid the exclusion.

Although count two of defendant Morasky's complaint may allege negligence, gross negligence and wilful and wanton misconduct by Wieschowski, arising from Wieschowski's attempt to pull Morasky out from beneath an automobile, this characterization does not control the applicability of the exclusionary clause. See *Freeman, supra,* and *Tobin v Aetna Casualty & Surety Co,* 174

Mich App 516, 518; 436 NW2d 402 (1988). There arises no duty to defend or provide coverage where the complaint is merely an attempt to trigger insurance coverage by characterizing allegations of intentionally tortious conduct as negligent activity. *Tobin, supra; Iowa Kemper Ins Co v Ryan,* 172 Mich App 134, 137; 431 NW2d 434 (1988). The record supports the trial court's conclusion that no genuine issue of material fact remains and that plaintiff need not defend or indemnify Wieschowski, as a matter of law.

Affirmed.