STATE FARM FIRE & CASUALTY COMPANY v JOHNSON

Docket No. 120212. Submitted June 26, 1990, at Grand Rapids. Decided October 16, 1990; approved for publication January 29, 1991, at 9:30 A.M.

State Farm Fire & Casualty Company brought an action for declaratory judgment in the Kent Circuit Court against Marvin L. Johnson and Gary Gant, seeking a determination of its duty under a homeowner's insurance policy to defend or indemnify Johnson in an action by Gant for damages for injuries Gant sustained in a beating by a group of persons that included Johnson. The court, Dennis B. Leiber, J., found that there existed no genuine issue of material fact and ruled that the plaintiff was entitled to judgment as a matter of law pursuant to a provision in the policy excluding coverage for bodily injury or property damage expected or intended by the insured. The court granted summary disposition for the plaintiff and a judgment declaring that the plaintiff owed no duty to Johnson, but denied the plaintiff's motion for sanctions against Gant for filing a frivolous claim or defense. Gant appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. Johnson's plea of guilty of assault with intent to do great bodily harm less than murder dispelled any triable factual issue regarding his intention or expectation to cause injury to Gant. The trial court correctly determined that Gant's injuries occurred as the natural, foreseeable, expected, and anticipated consequence of Johnson's intentional acts.

2. Gant's claim that summary disposition was inappropriate because Johnson denied inflicting the particular blow that caused the most serious injury is without merit. Once intended harm is established, the fact of an unintended injury is irrelevant.

3. The trial court did not improperly resolve an issue of credibility when it stated that certain statements made by Johnson to the police were "not worthy of belief." In light of Johnson's guilty plea, issues of credibility, as they related to Johnson's statements to the police, were not material.

4. Gant's characterization of Johnson's conduct as being mere

negligence does not control the applicability of the policy provision excluding coverage for intentional acts. It is the substance of the allegations, not their form, that must be examined.

5. Gant failed to raise a claim in the trial court that the exclusionary clause is contrary to public policy because it discourages assault victims from cooperating in criminal prosecutions, precluding appellate review.

6. The trial court did not clearly err in finding that no frivolous claim or defense was presented and that no sanctions for a frivolous claim or defense were in order. Likewise, the plaintiff's request for sanctions against Gant for presenting a vexatious appeal must be denied.

Affirmed.

*Tolley, Fisher & Verwys, P.C.* (by *Lawrence Korolewicz* and *David L. Harrison*), for the plaintiff.

*Richard F. McNally, Jr.,* for the defendant.

Before: MURPHY, P.J., and HOLBROOK, JR., and MAHER, JJ.

PER CURIAM. On April 21, 1987, Gary Gant was severely injured during an attack by a group of individuals that included defendant Marvin Johnson. In granting State Farm's motion for summary disposition in this action for declaratory relief, MCR 2.116(C)(10), the Kent Circuit Court declared that, pursuant to an intentional acts exclusion contained within a homeowner's insurance policy issued by State Farm to Johnson, State Farm was not required to defend or indemnify Johnson in an underlying civil action brought by Gant against Johnson as a result of the assault. Further, the court denied State Farm's request for sanctions pursuant to MCR 2.114(F). Gant appeals as of right that portion of the order granting State Farm's request for declaratory relief. State Farm

cross appeals the denial of its request for sanctions. We affirm in all respects.

For his role in the assault, Johnson pled guilty on September 21, 1987, of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. He was thereafter sentenced to a term of 7½ to 15 years' imprisonment. The trial court agreed with State Farm that it was not required to defend or indemnify Johnson for Gant's injuries pursuant to an exclusion in its homeowner's policy denying coverage for "bodily injury or property damage which is expected or intended by an insured."

We agree with the trial court's conclusion that there existed no genuine issue of material fact with regard to Johnson's intent to cause injury and, therefore, that the exclusionary clause was applicable. Accordingly, we find that summary disposition was properly granted. MCR 2.116(C)(10).

Application of the exclusionary clause in this case requires that Gant's injuries occurred as the "natural, foreseeable, expected, and anticipated" consequence of Johnson's intentional acts. *Allstate Ins Co v Freeman,* 432 Mich 656, 676; 443 NW2d 734 (1989); *Freemont Mutual Ins Co v Wieschowski,* 182 Mich App 121, 123; 451 NW2d 523 (1989). Johnson pled guilty of assault with intent to do great bodily harm less than murder, a specific intent crime. *People v Mack,* 112 Mich App 605, 611; 317 NW2d 190 (1981). In pleading guilty, Johnson freely and voluntarily admitted that he intended to strike Gant and that he did so with the intent to do great bodily harm. Accordingly, we agree that the trial court correctly concluded that Johnson's plea of guilty dispelled any triable factual issue regarding Johnson's intention or expectation to cause injury to Gant. See *Transamer-*

*ica Ins Corp of America v Boughton,* 177 Mich App 253, 256; 440 NW2d 922 (1989); *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703, 711-712; 411 NW2d 480 (1987); *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462, 468-469; 382 NW2d 796 (1985); *Yother v McCrimmon,* 147 Mich App 130, 134; 383 NW2d 126 (1985).

Further, Gant's claim that summary disposition was nevertheless inappropriate because Johnson denied inflicting the particular blow that caused the most serious injury is without merit, because it makes no difference whether Johnson intended that Gant be injured as extensively as he was. Once intended harm is established, the fact of an unintended injury is irrelevant. *Fremont Mutual v Wieschowski, supra; Allstate v Freeman, supra,* p 718 (opinion of BOYLE, J.). Also see *State Farm v Groshek, supra,* p 709. Moreover, the fact that Johnson may be liable to Gant under a "concert of action" theory does not mean that Gant's injuries were both unintended and unexpected so as to negate the applicability of the exclusionary clause. In this regard, we find Gant's reliance on *Hawkeye Security Ins Co v Shields,* 31 Mich App 649; 187 NW2d 894 (1971), misplaced, because that case involved an exclusionary clause that was more narrow than the clause involved here. See *State Farm v Jenkins, supra,* p 467.

Further, we find no merit in Gant's argument that the trial court improperly resolved issues of credibility when it stated that certain statements made by Johnson to the police immediately after the incident were "not worthy of belief." To withstand a motion for summary disposition pursuant to MCR 2.116(C)(10), the disputed factual issues must be material to the dispositive legal claim. *Belmont v Forest Hills Public Schools,* 114 Mich App 692, 696; 319 NW2d 386 (1982). In light of

Johnson's guilty plea, issues of credibility, as they related to Johnson's original statements to the police, were simply not material.

Further, Gant's characterization of Johnson's conduct as being mere negligence does not control the applicability of the exclusionary clause, because the duty to defend is not limited to the precise language of the pleadings. *Tobin v Aetna Casualty & Surety Co,* 174 Mich App 516, 518-519; 436 NW2d 402 (1988). Rather, it is the substance of the allegations, not their mere form, that must be examined. *Allstate v Freeman, supra,* p 663.

Finally, Gant argues that an intentional acts exclusion should be held unenforceable as being contrary to public policy because it discourages assault victims from cooperating in criminal prosecutions. Gant's failure to raise this issue in the trial court precludes review on appeal. *Muilenberg v The Upjohn Co,* 169 Mich App 636, 644; 426 NW2d 767 (1988). Nevertheless, we are unpersuaded, and therefore would reject this argument.

In a cross appeal, State Farm argues that any duty it may otherwise have had to defend or indemnify Johnson pursuant to the homeowner's policy has been negated because Johnson colluded with Gant in violation of the policy's cooperation clause. In view of our prior holding, however, we need not reach this issue.

State Farm further argues that it was entitled to sanctions under MCR 2.114(F) and MCL 600.2591; MSA 27A.2591 on the basis that Gant presented a frivolous claim or defense. After reviewing the parties' pleadings, along with the issues raised, the trial court concluded that a frivolous claim or defense had not been presented. A trial court's finding with regard to whether a claim or defense was frivolous will not be disturbed on appeal unless the finding is clearly

erroneous. *Sarin v Samaritan Health Center,* 176 Mich App 790, 799; 440 NW2d 80 (1989); *Burke v Burke,* 169 Mich App 348, 351-352; 425 NW2d 550 (1988). Upon review of the record, we are not persuaded that the trial court's finding was clearly erroneous. Accordingly, the trial court's denial of sanctions is affirmed. Likewise, State Farm's request for sanctions against Gant for presenting a vexatious appeal, MCR 7.216(C)(1) and (2), is also denied.

Affirmed.