BUCZKOWSKI v ALLSTATE INSURANCE COMPANY

Docket No. 117921. Submitted November 13, 1991, at Detroit. Decided
April 20, 1992, at 9:25 A.M.

Anthony Buczkowski brought an action in the Wayne Circuit
Court against Allstate Insurance Company, Irene McKay, and
her son, Walter McKay, seeking a declaration regarding the
availability of liability coverage under a homeowners' insur-
ance policy issued by Allstate to Irene McKay. The plaintiff had
been awarded damages in a separate negligence action against
the McKays and others for injuries received when Walter
McKay fired a gun at a vehicle parked at the plaintiff's house,
intending to break the vehicle's windows, and the bullet rico-
cheted and hit the plaintiff, who, unknown to McKay, was
sitting outside his house. The court, Charles Kaufman, J.,
granted summary disposition for Allstate, finding that the
injuries to the plaintiff were the natural, foreseeable, expected,
and anticipated result of Walter McKay's actions and that the
policy's intentional-act exclusionary clause barred coverage.
The plaintiff appealed.

The Court of Appeals *held:*

The court properly found that the plaintiff's injuries were the
natural, foreseeable, expected, and anticipated result of firing a
gun in a residential area in the dark. It is reasonable to expect
that such an act may injure a person.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that a question for
the jury was presented regarding whether the injuries were
foreseeable and the natural, expected, and anticipated conse-
quence of Walter McKay's actions.

*Siemion, Huckabay, Bodary, Padilla & Morganti,
P.C.* (by *Thomas M. Caplis* and *Charles A. Hucka-
bay*), and *Thomas, Garvey, Garvey & Sciotti* (by
*Robert F. Garvey*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *Rosalind Rochkind* and *James C. Rabaut*),
for Allstate Insurance Company.

Before: Weaver, P.J., and Michael J. Kelly and Marilyn Kelly, JJ.

Marilyn Kelly, J. Plaintiff appeals as of right from a circuit court order granting summary disposition for defendant Allstate Insurance Company under MCR 2.116(C)(10). Plaintiff argues on appeal that the trial court erred in basing the grant of summary disposition on the intentional act exclusionary clause in defendant's homeowners' insurance policy. We affirm.

Defendant issued the homeowners' policy to defendant Irene McKay, the mother of defendant Walter McKay. On June 23, 1984, Walter spent a good portion of the day consuming alcohol. He had an altercation with his girlfriend, Terry Lemerand, and plaintiff after seeing them together. Later that day, Walter retrieved a shotgun from his house and purchased shells and a knife at K mart. Walter told Jana Herren he planned to shoot the windows out of plaintiff's truck.

That night, Fred Patton drove Walter past plaintiff's house located in Farmington Hills. Unknown to Walter, plaintiff was sitting outside on a picnic table. Walter fired the shotgun at what he thought was plaintiff's truck, but was actually a 1975 Mercury Marquis. The bullet ricocheted through the car tire, striking plaintiff in the arm and hand. As a result of the shooting, plaintiff's right ring finger was amputated and his left wrist injured.

Walter was convicted of reckless use of a firearm and carrying a concealed weapon. MCL 752.861; MSA 28.436(21); MCL 28.422; MSA 28.92. In a separate negligence action against the McKays, Patton and K mart, the jury awarded $1,500,000 in damages. We affirmed and remanded on the issue of remittitur. *Buczkowski v K mart Corp,* unpublished opinion per curiam of the Court of

Appeals, decided July 23, 1990 (Docket Nos. 113420, 113888). The Michigan Supreme Court has granted leave to appeal limited to the issues (1) whether K mart owed a duty to plaintiff, and (2) whether the sale of ammunition was the proximate cause of plaintiff's injuries. *Buczkowski v McKay No 2,* 437 Mich 1035; 471 NW2d 558 (1991).

Plaintiff filed a declaratory judgment action against defendant and the McKays seeking a determination of the liability coverage available to the McKays. The McKays defaulted. The judge granted defendant's motion for summary disposition. He found that plaintiff's injuries were the "natural, foreseeable, expected and anticipated result of McKay's act of intentionally firing a gun in the area of one's home when he could not see whether or not Buczkowski was in the area."

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The court must give the benefit of any reasonable doubt to the nonmoving party. It must then determine whether a record might be developed which would leave open an issue upon which reasonable minds might differ. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988), rev'd on other grounds 437 Mich 521; 473 NW2d 652 (1991). This Court is liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988).

Defendant's homeowners' policy excludes liability for

bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

The exclusionary clause is applicable if (1) the insured acted either intentionally or criminally, and (2) the resulting injury was reasonably expected or actually intended to result from such intentional or criminal act. *Allstate Ins Co v Freeman,* 432 Mich 656, 685; 443 NW2d 734 (1989); *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 266; 466 NW2d 287 (1991). Injury is reasonably expected where it is the natural, foreseeable, expected and anticipated consequence of the intentional or criminal act. *Freeman,* 687-688; *Allstate Ins Co v Miller (On Remand),* 185 Mich App 345, 347; 460 NW2d 612 (1990). Whether an injury should reasonably be expected requires application of an objective standard. *Miller,* 347-348.

There is no dispute in this case that Walter McKay acted either intentionally or criminally. Walter was convicted of reckless use of a firearm which is a criminal act. MCL 752.861; MSA 28.436(21). Furthermore, even if McKay was intoxicated, voluntary intoxication is not a defense. *Allstate Ins Co v Hampton,* 173 Mich App 65, 67; 433 NW2d 334 (1988). However, the mere finding of an intentional or criminal act is insufficient to bar coverage under the exclusionary clause.

Plaintiff argues that his injuries were not "expected," since Walter fired a shotgun at plaintiff's unoccupied car, and there was no evidence that Walter intended to harm plaintiff himself. Walter admitted he fired his shotgun in the dark at plaintiff's car. He alleges he was not only not aiming at plaintiff, he did not know plaintiff was in the area.

We agree with the trial court that the injuries to plaintiff were the natural, foreseeable, expected and anticipated result of firing a shotgun in a residential area in the dark. Under an objective standard, we determine it is reasonable to foresee

and expect that a gun fired in a residential area in the dark may injure a person. Since there was no genuine issue of material fact, summary disposition was appropriate.

Affirmed.

WEAVER, P.J., concurred.

MICHAEL J. KELLY, J. *(dissenting)*. I think this case is so far different on its facts from *Allstate v Freeman,* 432 Mich 656; 443 NW2d 734 (1989), that it presents a jury question. I therefore respectfully dissent.

Applying the majority's logic by analogy, the raucous New Year's Eve celebrant who fires into the air in a neighborhood forfeits his homeowner's coverage. That stretches *Allstate v Freeman* too far. The shooter in the *Allstate* case got into a shouting match with her neighbor, went back into her home to get a .38 caliber handgun, returned to her front porch, and, without any warning, aimed the gun at the victim and fired. She stood between three and six feet away, and the bullet smashed the shoulder of the victim. I have no difficulty at all in deciding that that constitutes an expected or intended injury as a matter of law, notwithstanding Justice LEVIN's dissent that there was a genuine issue of material fact regarding whether the shooter acted intentionally or criminally.

In this case, the shooter not only did not aim or point his gun at the victim, he did not even know that the victim was out in the yard. The victim was not three to six feet away; the victim was 150 feet away at a picnic table in the backyard. The unrebutted testimony is that the shooter was aiming at a vehicle in the driveway. To find that plaintiff's injury was expected or intended stretches the principle of foreseeability over the

horizon and completely confounds the meaning of
natural, expected, anticipated consequences be-
yond reason. The five opinions of the Supreme
Court in *Allstate supra,* may be fractured beyond
the reasonable practitioner's powers of synthesis,
but the Court hopefully will drop the other shoe
when it decides *Buczkowski v McKay No 2,* 437
Mich 1035; 471 NW2d 558 (1991). One surmises it
must decide whether to permit the bench and bar
further encroachment of the jury's proximate-
cause preserve. Until the Court speaks in a more
discernible tongue, I would say plaintiff, on these
facts, has presented a jury question.

I would reverse.