HILL v ADLER'S FOOD TOWN, INC

Docket No. 105360. Submitted June 22, 1989, at Lansing. Decided
    July 26, 1989. Leave to appeal applied for.

Rodney Hill, an Oakland County sheriff's deputy, slipped and fell
    on the stairs to the manager's office at Adler's Food Town, Inc.
    Hill had been summoned to arrest suspected shoplifters appre-
    hended by store employees. His fall occurred as he and his
    partner were escorting the suspects from the manager's office
    to the sheriff's office. Hill and his wife, Janette Hill, brought a
    negligence action in Oakland Circuit Court against Adler's
    Food Town, seeking damages for injuries allegedly sustained in
    the slip and fall accident. Defendant moved for summary
    disposition, contending that the action was barred by the
    common-law rule which provides that fire fighters and police
    officers may not recover damages for injuries occasioned by
    negligence which caused their presence in an official capacity
    on the premises where their injury occurred. The court, Robert
    C. Anderson, J., denied the motion. Defendant appealed by
    leave granted.

    The Court of Appeals *held:*

    The rule described above applies in this case and the excep-
    tions to the rule cited by plaintiffs do not apply to their claim.

    Reversed.

1. NEGLIGENCE — FIRE FIGHTERS — POLICE OFFICERS — DAMAGES.

    As a matter of public policy, fire fighters and police officers may
        not recover damages for injuries occasioned by negligence
        which caused the presence of the officers in their professional
        capacities on the premises where the injuries occurred, includ-
        ing injuries arising from the normal, inherent, and foreseeable
        risks of their chosen professions.

2. NEGLIGENCE — POLICE OFFICERS.

    A police officer who slips and falls on a flight of steps in a store to
        which he was summoned to detain, question and arrest a

REFERENCES

Am Jur 2d, Premises Liability §§ 103-105.
Liability of owner or occupant of premises to police officer coming
    thereon in discharge of officer's duty. 30 ALR4th 81.

suspected shoplifter apprehended by the store's employees is precluded from maintaining a negligence action relating to his slip and fall by the rule which provides that fire fighters and police officers may not recover damages for injuries occasioned by negligence which caused their presence in an official capacity on the premises where their injury occurred.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for plaintiff.

*Law Offices of Brochert & Ward* (by *Linda M. Garbarino*), for defendant.

Before: WAHLS, P.J., and DOCTOROFF and BRENNAN, JJ.

PER CURIAM. Defendant appeals by leave granted from a November 25, 1987, order of the Oakland Circuit Court denying its motion for summary disposition on the basis that the common-law rule enunciated in *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347; 415 NW2d 178 (1987), known as the fire fighter's or police officer's rule and which provides that "a fire fighter or police officer may not recover damages from a private party for negligence in the creation of the reason for the safety officer's presence," 429 Mich 358, is inapplicable in this case. We reverse the order of the circuit court and hold that plaintiff's action is barred by the rule enunciated in *Kreski.*

The record reveals that plaintiff Rodney C. Hill is an Oakland County deputy sheriff and that plaintiff Janette Hill is his wife. On January 19, 1985, Hill responded to a call for police assistance from defendant, Adler's Food Town, Inc., a local food store at which employees had apprehended two shoplifting suspects. When Hill and his partner arrived at the store, an employee led them to the shoplifting suspects, who were being detained in the manager's office in an area accessible by a

flight of four steps and not open to the public. After spending about twenty minutes in the manager's office, Hill and his partner began to escort the two shoplifting suspects out of the store. While descending the flight of steps from the manager's office, Hill slipped, he alleges, on "water and other foreign substances" which had accumulated on the top step, causing him to fall and injure his head and left leg.

Hill filed a complaint and, subsequently, two amended complaints against the store, alleging negligence. The store filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), contending that Hill's action was barred by the police officer's rule as set froth in *Kreski, supra.* The circuit court, after hearing the parties' positions as presented during oral argument, denied defendant's motion without prejudice, finding that plaintiffs' claim was not barred by the police officer's rule because it fell within the rule's "exceptions" recognized by the Supreme Court in *Kreski.*

In denying the store's motion for summary disposition, the circuit court failed to indicate the particular subrule under which it was proceeding. It is apparent, however, from the focus of the parties' counsel and of the court on the significance of the *Kreski* opinion as well as from the lack of focus on any disputed factual issues, that the order was issued pursuant to MCR 2.116(C)(8) —failure to state a claim on which relief can be granted. Regarding this subrule, this Court has stated:

> A motion for summary disposition under MCR 2.116(C)(8) will be granted only where the claim is unenforceable as a matter of law. Because such a motion tests the legal basis of the complaint, its

factual allegations are taken as true, along with any reasonable inferences or conclusions which may be drawn from them. *Rathbun v Starr Commonwealth For Boys,* 145 Mich App 303, 307; 377 NW2d 872 (1985), lv den 424 Mich 908 (1986); *Local 80 Sheet Metal Workers v Tishman Construction Corp,* 103 Mich App 784, 787; 303 NW2d 893 (1981). [*Kauffman v Shefman,* 169 Mich App 829, 833; 426 NW2d 819 (1988).]

On appeal, the store maintains that the rule in *Kreski* "bars plaintiff's negligence action because he was injured from an inherent risk in the performance of his employment as an Oakland County sheriff's deputy." Hill, in response, contends that the rule in *Kreski* is inapplicable in this case because "[p]laintiff's fall had absolutely nothing to do with the nature and purpose of police work, which is to confront danger and protect the public," and that, even if the rule were applicable, certain exceptions to the rule, recognized by the Supreme Court in the *Kreski* decision itself, are applicable in this instance.

In *Kreski, supra,* p 372, the Supreme Court stated:

[A]s a matter of public policy, we hold that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.

We find that a police officer's slipping and falling on a negligently maintained step in a store to which he was summoned to exercise his authority to detain, question and arrest apprehended shoplifting suspects constitute occurrences stemming from the performance of the officer's police duties.

It is impossible to imagine that Hill could have fulfilled his obligation to investigate the situation and, if necessary, to escort the shoplifting suspects from the store to the sheriff's office without, in this case, entering the manager's office where the shoplifting suspects were being detained and transporting the suspects from the store to the sheriff's office. In order to accomplish these functions, it was necessary that Hill ascend the four steps leading to the manager's office and later descend them with the shoplifting suspects in custody. Thus, the negligence, if any, of the store relating to the condition of the steps leading to the manager's office created a hazard which posed a threat to the safety of Hill in the performance of his duties. Such is precisely the type of action to which the rule in *Kreski* was intended to apply.

Our conclusion that the rule in *Kreski* is applicable in this case is buttressed by cases from other jurisdictions cited by the *Kreski* Court. For example, in *Flowers v Rock Creek Terrace,* 308 Md 432; 520 A2d 361 (1987), discussed in *Kreski, supra,* pp 373-374, the Maryland Court of Appeals held that a fire fighter was precluded from suing the defendants for injuries sustained from falling down an open elevator shaft while attempting to evacuate tenants from a smoke-filled lobby on the twelfth floor of an apartment building, and in *Williams v Levitt,* 213 NJ Super 604; 517 A2d 1242 (1986), discussed in *Kreski, supra,* p 374, the New Jersey Superior Court held that a police officer was precluded from suing a defendant homeowner for injuries sustained from tripping in a hole in the homeowner's yard while investigating the activation of a burglar alarm. Moreover, in *Reetz v Tipit, Inc,* a case consolidated with *Kreski,* the Supreme Court held that a police officer was precluded from suing a bar for injuries sustained from

falling approximately ten feet through an open trap door while investigating a reported breaking and entering at the bar. In reaching its decision, the Supreme Court emphasized that the plaintiff police officer was performing her duty when she fell and that, "[i]n performance of her duty, plaintiff took the premises as she found them, with no representations being made regarding their safety." 429 Mich 378.

Moreover, we discern no merit in plaintiff's contention that "exceptions" to the rule in *Kreski* apply in this case. First, the Supreme Court in *Kreski* did not specifically adopt any exceptions to the rule but merely noted, with some discussion on the matter, that "[s]everal exceptions involving factual situations not presented here have developed in the states employing a fireman's rule." 429 Mich 370. In separate opinions in *Kreski*, Justices ARCHER and CAVANAGH expressed their willingness to sign the majority opinion because it did not wholly foreclose fire fighters and police officers from bringing causes of action for injuries sustained under certain circumstances. 429 Mich 379-380. Indeed, the majority opinion itself specifically acknowledged that "we are not attempting to delineate the precise parameters of the rule in this opinion." 429 Mich 370. Nevertheless, even if we were to treat as exceptions to the rule the three criteria listed in Hill's appellate brief, we would not be tempted in this case to conclude that any of the three criteria had been fulfilled.

Based on language on page 371 of the *Kreski* opinion, Hill asserts that several exceptions to the general rule exist. He further asserts that three of those exceptions concern actions by a police officer or fire fighter regarding injuries sustained in a building (1) when the building was open to the

public for business, (2) when the building's owners or occupiers were on the premises at the time of the incident and were aware of the safety officer's presence, and (3) when the building's owners or occupiers had a present ability to warn the safety officer of the danger on the premises. The first exception is inapplicable because the area in which Hill sustained his injuries was not "open to the public." 429 Mich 371. The second and third exceptions are inapplicable because the danger which facilitated Hill's slip and fall, said by Hill himself to have been "water and other foreign substances" on the top of the four-step stairway leading to the manager's office, was not a hidden condition. 429 Mich 361, 371, 373.

Having determined that the rule in *Kreski* is applicable in this case and that the claimed exceptions to that rule recited in Hill's appellate brief are inapplicable, we reverse the order of the circuit court and hold that Hill's action against Adler's Food Town, Inc., does not state a claim for which relief can be granted.

Reversed.