WILDE v GILLAND

Docket No. 131256. Submitted March 20, 1991, at Grand Rapids. Decided April 11, 1991; approved for publication May 22, 1991, at 9:15 A.M.

Ivan Wilde, a police officer, brought an action in the Muskegon Circuit Court against Daniel L. Gilland, seeking damages for injuries sustained in pursuing Gilland, who had resisted arrest. The court, R. Max Daniels, J., granted summary disposition for the defendant, ruling that the action was barred by the fireman's rule. The plaintiff appealed.

The Court of Appeals *held:*

The fireman's rule, which provides that fire fighters or police officers may not recover damages for injuries occasioned by the negligence that caused their presence on the premises in their professional capacities, does not extend to intentional abuse directed specifically at a police officer. A person who causes such injury by wilful, wanton, or intentional misconduct should not receive the benefit of the fireman's rule to shield that person from civil liability.

In this case, summary disposition was inappropriate in view of remaining questions of fact regarding whether the defendant's conduct was wilful and wanton and whether the defendant's conduct caused the plaintiff's injuries.

Reversed.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Eric C. Lewis*), for the plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Marie E. Kessler*), for the defendant.

Before: GRIBBS, P.J., and SULLIVAN and GRIFFIN, JJ.

PER CURIAM. Plaintiff, a police officer, appeals as of right from a circuit court order granting defen-

dant's motion for summary disposition in this tort action. MCR 2.116(C)(8) and (10). Plaintiff was injured during his pursuit of defendant, who was resisting arrest. We reverse.

The sole issue raised by plaintiff in this case involves application of the fireman's rule.[1] In *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347, 372; 415 NW2d 178 (1987), our Supreme Court adopted the fireman's rule, holding:

> Thus, as a matter of public policy, we hold that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.

Our Supreme Court also held that the fireman's rule should not be limited to the landowner/occupier context and that it extends to negligence which causes the need for the presence of a police officer or fire fighter. *Id.* at 374-377. However, the Court declined to further delineate the precise parameters of the rule, noting that there were no allegations of intentional misconduct before it. *Id.* at 370-371.

Since *Kreski* was decided, two panels of this Court have addressed the question whether intentional abuse directed at a police officer falls within the ambit of the fireman's rule. In *Rozenboom v Proper,* 177 Mich App 49; 441 NW2d 11 (1989), this Court ruled that the fireman's rule does not extend to intentional abuse directed specifically at a police officer. *Id.* at 57-58.

[1] Plaintiff's negligence claim against defendant was not discussed by the trial court or addressed in the parties' briefs. Accordingly, we leave consideration of that claim to the trial court when this matter is revisited.

Both the lower court and defendant place a great deal of emphasis on a portion of *Rozenboom* which purportedly sets forth a number of criteria to be considered in deciding whether the fireman's rule applies. We find their reliance misplaced because the quoted passage comes from a California opinion quoted but not adopted by the *Rozenboom* panel. It is clear that *Rozenboom, supra* at 57, rejected the reasoning of the California court and adopted instead the following remarks from *Berko v Freda,* 93 NJ 81, 90; 459 A2d 663 (1983):

> [S]ince police fight crime, they must expect an occasional encounter with violence. Why then should they be permitted to sue a thief for personal injuries when they have assumed the risk that the thief might fight back? We resolve this paradox by observing that the public policy underlying the "fireman's rule" simply does not extend to intentional abuse directed specifically at a police officer. "To permit this would be to countenance unlimited violence directed at the policeman in the course of most routine duties. Certainly the policeman and his employer should have some private recourse for injuries so blatantly and criminally inflicted." *Krueger v City of Anaheim* [130 Cal App 3d 166, 170; 181 Cal Rptr 631, 634 (1982)]. No fundamental unfairness results from allowing an officer to sue a criminal. The crook does not summon the police for help. While the police are paid to risk being assaulted, they are not paid to submit to a criminal assault.

In *McAtee v Guthrie,* 182 Mich App 215; 451 NW2d 551 (1989), another panel of this Court ruled that the fireman's rule did not bar suit where the plaintiff's injuries were the result of defendant's "wilful and wanton, if not intentional, misconduct in resisting arrest." *Id.* at 220.

The parties here agree that plaintiff was injured

during his pursuit of defendant, who was resisting arrest. While defendant argues that his conduct was not wilful and wanton and not the cause of plaintiff's injuries, we believe that these are factual questions best left to the trier of fact. Summary disposition in this case was inappropriate.

Reversed.