BUCZKOWSKI v ALLSTATE INSURANCE COMPANY (ON REHEARING)

Docket No. 117921. Submitted November 13, 1991, at Detroit. Decided February 16, 1993, at 9:55 A.M. Leave to appeal sought.

Anthony Buczkowski brought an action in the Wayne Circuit Court against Allstate Insurance Company, Irene McKay, and her son, Walter McKay, seeking a declaration regarding the availability of liability coverage under a homeowners' insurance policy issued by Allstate to Irene McKay. The plaintiff had been awarded damages in a separate negligence action against the McKays and others for injuries received when Walter McKay fired a gun at a vehicle parked at the plaintiff's house, intending to break the vehicle's windows, and the bullet ricocheted and hit the plaintiff, who, unknown to McKay, was sitting outside the house. The court, Charles Kaufman, J., granted summary disposition for Allstate, finding that the injuries to the plaintiff were the natural, foreseeable, expected, and anticipated result of Walter McKay's actions and that the policy's intentional-act exclusionary clause barred coverage. The plaintiff appealed. The Court of Appeals, WEAVER, P.J., and MARILYN KELLY, J. (MICHAEL J. KELLY, J., dissenting), affirmed, 193 Mich App 673 (1992). The plaintiff's motion for rehearing was granted by the Court of Appeals.

On rehearing, the Court of Appeals *held:*

The determination whether the injury reasonably was to be expected requires application of an objective standard, not the subjective standard, expected or intended from the standpoint of the insured. Reasonable minds might differ concerning whether injury reasonably might have been expected to result from Walter McKay's criminal or intentional act. Summary disposition was improper.

Reversed.

WEAVER, P.J., dissenting, stated that Walter McKay's acts were so nearly certain to produce injury that an expectation to injure should be inferred as a matter of law.

*Thomas, Garvey, Garvey & Sciotti* (by *Robert F. Garvey*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Rosalind Rochkind* and *James C. Rabaut*), for Allstate Insurance Company.

ON REHEARING

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MARILYN KELLY, J. This case is here on rehearing. We originally affirmed the circuit court order granting summary disposition for defendant Allstate Insurance Company under MCR 2.116(C)(10). *Buczkowski v Allstate Ins Co,* 193 Mich App 673; 484 NW2d 766 (1992). Plaintiff argues in his motion for rehearing that our original opinion created an overly broad, unexpected and unanticipated negligent act exclusion based on defendant's homeowners' insurance policy. Upon further review, we reverse the trial court's grant of summary disposition.

The facts of this case were detailed in our original opinion. Defendant Walter McKay was intoxicated and fired a shotgun at plaintiff's car which was parked at his house after dark. Unknown to Walter, plaintiff was sitting outside on a picnic table. The bullet ricocheted through the car tire, striking plaintiff in the arm and hand. As a result of the shooting, plaintiff's left wrist was injured and his right ring finger had to be amputated. Walter was convicted of reckless use of a firearm and carrying a concealed weapon. MCL 752.861; MSA 28.436(21); MCL 28.422; MSA 28.92.

Plaintiff filed a declaratory judgment action against defendant and the McKays seeking a determination of the liability coverage available to the McKays. The McKays defaulted. The judge granted defendant's motion for summary disposi-

tion. He found that plaintiff's injuries were the "natural, foreseeable, expected and anticipated result of McKay's act of intentionally firing a gun in the area of one's home when he could not see whether or not Buczkowski was in the area."

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The court must give the benefit of any reasonable doubt to the nonmoving party. It must then determine whether a record might be developed which would leave open an issue upon which reasonable minds might differ. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988), rev'd on other grounds 437 Mich 521 (1991). This Court is liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988).

Defendant's homeowners' policy excludes liability for

> bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

The exclusionary clause is applicable if (1) the insured acted either intentionally or criminally, and (2) the resulting injury was reasonably expected or actually intended to result from such intentional or criminal act. *Allstate Ins Co v Freeman,* 432 Mich 656, 685; 443 NW2d 734 (1989); *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 266; 466 NW2d 287 (1991). Injury is reasonably expected where it is the natural, foreseeable, expected and anticipated consequence of the intentional or criminal act. *Freeman,* 687-688; *Allstate Ins Co v Miller (On Remand),* 185 Mich App 345, 347; 460 NW2d 612 (1990). Whether an

injury is reasonably to be expected requires application of an objective standard. *Id.*, 347-348.

There is no dispute in this case that Walter McKay acted either intentionally or criminally. Furthermore, even if McKay was intoxicated, voluntary intoxication is not a defense. *Group Ins Co of Michigan v Czopek,* 440 Mich 590, 601; 489 NW2d 444 (1992); *Allstate Ins Co v Hampton,* 173 Mich App 65, 67; 433 NW2d 334 (1988). The only relevant question on rehearing is whether a reasonable person would expect injury to a person to result from a firearm discharge under the circumstances of this case. See *Freeman,* 688.

Plaintiff argues that his injuries were not "expected," since Walter fired the shotgun at plaintiff's unoccupied car, and there was no evidence that Walter intended to harm plaintiff. Walter admitted he fired his shotgun in the dark at plaintiff's car. He alleges that he was not only not aiming at plaintiff, he did not know plaintiff was in the area.

Plaintiff asserts that a recent opinion of the Michigan Supreme Court controls the outcome of this case. *Frankenmuth Mutual Ins Co v Piccard,* 440 Mich 539; 489 NW2d 422 (1992). In *Frankenmuth,* a fireman was severely injured while trying to control a fire in the defendant's music store. The defendant had intentionally set the fire. The commercial liability insurance policy issued to the defendant included an exclusion for bodily injury expected or intended from the standpoint of the insured. *Id.,* 547.

The Court applied a policy-blended subjective standard and found that, by intentionally destroying his property, the defendant did not expect bodily injury to occur. It recognized that expectation of injury may be presumed from certain intentional acts even if the insured intended only to

cause property damage. However, *Frankenmuth* was not such a case. The fire had been set at night after the defendant's store and adjacent stores were closed and when no individuals were in the area.

Although we find the rationale of *Frankenmuth* persuasive, it does not answer the specific question posed by the instant case: whether a reasonable person would expect and anticipate injury to another to occur if he intentionally discharged a shotgun at an unoccupied car in a residential area at night. See *Freeman*, 688. The key contractual language in *Frankenmuth*, "from the standpoint of the insured," is absent from the contractual language in the insurance policy at issue in this case. The portion of the exclusionary clause we are reviewing requires us to apply an objective standard, not the policy-blended subjective standard found in *Frankenmuth, supra.*

Both *Freeman* and *Frankenmuth* recognize that some acts are so nearly certain to produce injury that expectation to injure should be inferred as a matter of law. Although we originally found an expectation to injure as a matter of law here, we are now persuaded that the facts do not warrant taking this issue from the jury.[1] Unlike *Freeman,* defendant was not intentionally aiming a gun at a person. Instead, he was intentionally firing at an unoccupied parked automobile. We conclude that reasonable minds might differ concerning whether injury might reasonably have been expected to

---

[1] Cf. *Allstate Ins Co v Castanier,* 195 Mich App 630; 491 NW2d 238 (1992). In *Castanier,* a panel of this Court indicated that a reasonable person would have expected injury to result from driving an off-road vehicle at night without headlights at an excessive speed while intoxicated. Since this portion of *Castanier* was dicta, and the facts of the case are easily distinguishable, we need not follow the holding here. See *People v Cooke,* 194 Mich App 534, 538; 487 NW2d 497 (1992).

result from Walter McKay's criminal or intentional act.

Reversed.

MICHAEL J. KELLY, J., concurred.

WEAVER, P.J. *(dissenting)*. I dissent.

I believe the first opinion released by this Court on April 20, 1992, was correct. The facts of this case—shooting on a summer's evening in the dark at the victim's vehicle parked outside the victim's home—reveal acts that are so nearly certain to produce injury that expectation to injure should be inferred as a matter of law. See *Frankenmuth Mutual Ins Co v Piccard,* 440 Mich 539; 489 NW2d 422 (1992).