DAFTER SANITARY LANDFILL v SUPERIOR SANITATION
SERVICE, INC

Docket No. 145528. Submitted October 6, 1992, at Marquette. Decided
March 1, 1993, at 10:30 A.M.

Dafter Sanitary Landfill brought an action in the Chippewa
Circuit Court against Superior Sanitation Service, Inc., and the
Department of Natural Resources, seeking declaratory and
injunctive relief against alleged violations of the Solid Waste
Management Act and the Michigan Environmental Protection
Act by Superior Sanitation in closing one landfill and in con-
structing and maintaining another. The court, Nicholas J.
Lambros, J., granted summary disposition for Superior Sanita-
tion. The plaintiff appealed.

The Court of Appeals *held*:

1. Section 33 of the Solid Waste Management Act, MCL
299.433; MSA 13.29(33), provides that the Attorney General, a
municipality, or a county may bring an action for any appropri-
ate relief from a violation of the act or rules promulgated
pursuant to the act. Section 33 further provides that the act
may not be construed to preclude any person from commencing
a civil action based on facts that may also constitute a violation
of the act or rules promulgated pursuant to the act. Contrary
to the plaintiff's contention, the latter provision does not grant
a private citizen the right to commence an action under the act
on behalf of the public. Because the plaintiff failed to allege
any harm to itself resulting from the defendant's actions, the
trial court properly found that the plaintiff failed to establish a
prima facie claim under the Solid Waste Management Act.

2. A prima facie case for declaratory and injunctive relief
under the Michigan Environmental Protection Act against the
pollution, impairment, or destruction of a natural resource is
established where a court determines that a natural resource is
involved and that the effect of the challenged activity on the

REFERENCES

Am Jur 2d, Declaratory Judgments §§ 17, 73, 75; Pollution Control
§§ 451, 492, 494-501.
See ALR Index under Environmental Law; Hazardous Substance
and Waste; Pollution.

environment rises to the level of impairment that justifies an injunction by the court. In this case, the plaintiff failed to establish that the alleged impairment rose to that level.

Affirmed.

1. ENVIRONMENT — SOLID WASTE MANAGEMENT ACT — ACTIONS.

An action for declaratory and injunctive relief under the Solid Waste Management Act against a violation of the act or a rule promulgated pursuant to the act may be brought on behalf of the public by the Attorney General, a municipality, or a county, but not by a private citizen (MCL 299.433; MSA 13.29[33]).

2. ENVIRONMENT — ENVIRONMENTAL PROTECTION ACT — INJUNCTIONS.

To determine whether a plaintiff in an action for injunctive relief under the Michigan Environmental Protection Act has established a prima facie case, the trial court must determine whether a natural resource is involved and whether the effect of the challenged activity on the environment rises to the level of impairment that would justify the court's injunction (MCL 691.1201 *et seq.*; MSA 14.528[201] *et seq.*).

3. ENVIRONMENT — ENVIRONMENTAL PROTECTION ACT — INJUNCTIONS.

A court, in determining whether a challenged activity constitutes an environmental risk that justifies judicial intervention pursuant to the Michigan Environmental Protection Act, should consider: whether the natural resource is rare, unique, endangered, or of historical significance; whether the resource is readily replaceable; whether the proposed action will have any significant consequential effect on other natural resources; and whether the direct or consequential effect on plants or animals will affect a critical number, considering the nature and location of the wildlife affected (MCL 691.1201 *et seq.*; MSA 14.528[201] *et seq.*).

*Peacock, Ingleson & Stenton, P.C.* (by *Harry Ingleson, II*), for the plaintiff.

*Thomas J. Veum, P.C.* (by *Leanne Barnes Deuman*), for the defendant.

Before: CONNOR, P.J., and BRENNAN and MARILYN KELLY, JJ.

BRENNAN, J. Plaintiff, Dafter Sanitary Landfill, appeals as of right from a September 26, 1991, order granting summary disposition to Superior Sanitation Service, Inc., and dismissing plaintiff's complaint. We affirm.

Plaintiff filed suit alleging that Superior's closure of one landfill and its construction and maintenance of another landfill violated the Solid Waste Management Act (SWMA)[1] and Michigan's Environmental Protection Act (MEPA).[2] The court dismissed plaintiff's SWMA claim, finding that plaintiff failed to allege sufficient facts to establish a prima facie claim under the SWMA because plaintiff did not allege any harm to itself resulting from Superior's violations. The trial court dismissed plaintiff's claim under the MEPA on the ground that plaintiff failed to establish a prima facie case by failing to allege facts that rise to the level of harm required under the act. The court stated that plaintiff merely alleged a potential for harm and failed to identify the harm.

On appeal, plaintiff argues that the court erred in granting summary disposition because it was not necessary for plaintiff to allege an individual injury under either act, only an injury to the plaintiff as a member of the general public. However, as noted above, the trial court only held that plaintiff failed to prove an individual injury with respect to the SWMA claim. We address dismissal of that claim first.

The court apparently granted summary disposition of both counts pursuant to MCR 2.116(C)(10), having considered depositions as well as the complaint. *Check Reporting Services, Inc v Michigan Nat'l Bank-Lansing,* 191 Mich App 614, 622; 478 NW2d 893 (1991). A motion brought under this

[1] MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.*
[2] MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.*

subrule should be granted when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Traffic Jam & Snug, Inc v Liquor Control Comm,* 194 Mich App 640; 487 NW2d 768 (1992). Courts are to apply the plain meaning of statutes. *Lake Angelus v Oakland Co Rd Comm,* 194 Mich App 220, 224; 486 NW2d 64 (1992). Statutes are to be construed as a whole, and absurd or unreasonable results must be avoided. *Traffic Jam & Snug, Inc, supra; Dick Loehr's, Inc v Secretary of State,* 180 Mich App 165, 169; 446 NW2d 624 (1989).

The SWMA provides in pertinent part:

> (1) The director or a health officer may request that the attorney general bring an action in the name of the people of the state, or a municipality or county may bring an action based on facts arising within its boundaries, for any appropriate relief, including injunctive relief, for a violation of this act or rules promulgated pursuant to this act.
>
> * * *
>
> (4) This act shall not be construed to preclude any person from commencing a civil action based on facts which may also constitute a violation of this act or the rules promulgated under this act. [MCL 299.433; MSA 13.29(33).]

The plain meaning of subsection 4 is that a private citizen is not prohibited from commencing a civil action merely because the suit is based on facts that also constitute a violation of the act. We interpret this provision to mean that a private citizen may commence a civil action for relief *for personal injuries* on the basis of facts that may also constitute a violation of the act. The provision

clearly does not grant a private citizen the right to commence a civil action under the act alleging injuries as a member of the general public. To accept plaintiff's argument would mean that a private citizen would be able to step into the shoes of the attorney general and bring an action on behalf of the public. This could not be what the Legislature intended. Accordingly, we reject plaintiff's argument. Moreover, a review of the record provided to us[3] reveals that plaintiff failed to allege any personal harm. Plaintiff merely alleges that Superior's violations of the SWMA at both landfills "has and is likely to pollute, impair or destroy the air, water and other natural resources." Therefore, we find that the trial court properly granted summary disposition of this count.

With regard to the trial court's dismissal of plaintiff's MEPA claim, the MEPA provides, in pertinent part:

> The attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may maintain an action in the circuit court having jurisdiction where the alleged violation occurred or is likely to occur for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction. [MCL 691.1202(1); MSA 14.528(202)(1).]

---

[3] We note that we have not been provided a copy of the deposition transcript that the trial court considered in granting summary disposition.

In order to "determine whether a plaintiff has established a prima facie case under the MEPA, the trial court must consider whether a natural resource was involved and whether the effect of the activity on the environment rose to the level of impairment to justify the court's injunction." *Holly Twp v Dep't of Natural Resources (On Rehearing)*, 194 Mich App 213, 216; 486 NW2d 307 (1992). The second part of the test is at issue in the present case. In determining whether the effect rises to the level of impairment that justifies an injunction by the court, the following factors should be considered:

> "(1) whether the natural resource involved is rare, unique, endangered, or has historical significance, (2) whether the resource is easily replaceable (for example, by replanting trees or restocking fish), (3) whether the proposed action will have any significant consequential effect on other natural resources (for example, whether wildlife will be lost if its habitat is impaired or destroyed), and (4) whether the direct or consequential impact on animal or vegetation will affect a critical number, considering the nature and location of the wildlife affected." [*Attorney General ex rel Natural Resources Comm v Balkema*, 191 Mich App 201, 206; 477 NW2d 100 (1991), quoting *Portage v Kalamazoo Co Rd Comm*, 136 Mich App 276, 282; 355 NW2d 913 (1984).]

In the present case, plaintiff failed to address any of these factors. As noted above, plaintiff merely alleged in its complaint that Superior's violations of the SWMA at both landfills "has and is likely to pollute, impair or destroy the air, water and other natural resources." Plaintiff merely states this conclusion without any facts to support it. Accordingly, we find that the trial court properly granted summary disposition where the rec-

ord revealed that plaintiff failed to establish a prima facie showing that Superior's actions in the construction, operation, and closure of its landfills rise to the level justifying the issuance of an injunction under the MEPA.

Affirmed.