STEHLIK v JOHNSON

Docket No. 153523. Submitted June 4, 1993, at Detroit. Decided March 7, 1994, at 9:25 A.M.

Earl and Betty Stehlik brought a negligence action in the Wayne Circuit Court against Andrew F. Johnson and Papoos Electric, Inc., after a Papoos van driven by Johnson collided with a Detroit Police Department motorcycle ridden by Earl Stehlik, a Detroit police officer. The accident occurred while Stehlik was en route from the 36th District Court, where he had appeared as part of his police duties, to the area where he was to perform his patrol duties. The court, John H. Gillis, Jr., J., granted summary disposition for the defendants, ruling that the action was barred by the fireman's rule. The plaintiffs appealed.

The Court of Appeals *held:*

The fireman's rule is a common-law doctrine that prohibits police officers and fire fighters from recovering damages from a private party for injuries arising from the negligence that created the need for the officer's or fire fighter's presence. The rule is based on the idea that police officers and fire fighters should not be permitted to sue the taxpayers who employ them to deal with dangerous situations that are often caused by negligence. Application of the rule requires a balancing of the rationale underlying the rule and the interest of allowing recovery when the rationale is not implicated.

The fireman's rule does not apply in this case. Earl Stehlik's injuries did not arise from negligence that created a need for a police officer's presence, nor did the injuries stem from performance of a police function. The rationale that police officers should not be permitted to sue the taxpayers who employ them to deal with dangerous situations is not implicated in this case.

Reversed and remanded.

WEAVER, P.J., dissenting, stated that the risk of being in a traffic accident while on duty, as experienced by the police officer in this case, is a risk inherent in the duties of a police officer and that recovery for injury resulting from such risk is barred by the fireman's rule.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Michelle J. Harrison*), for the plaintiffs.

*Grier & Copeland, P.C.* (by *Rhonda Y. Reid*), for the defendants.

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

MURPHY, J. Plaintiffs appeal from an order of the circuit court granting defendants summary disposition pursuant to MCR 2.116(C)(8) and (10). We reverse and remand.

Plaintiff Earl Stehlik, a Detroit police officer, was injured when the police department motorcycle on which he was riding collided with a van owned by defendant Papoos Electric, Inc., and driven by defendant Andrew F. Johnson. On the day of the accident, plaintiff appeared in court beginning at approximately 9:00 A.M. as part of his police duties and apparently remained there until that afternoon, when he set out on the motorcycle for his precinct to begin his patrol duties. At the time of the accident, approximately 3:00 P.M., plaintiff was en route to his patrol area but, according to plaintiff, was not "on patrol."

Plaintiffs filed this action seeking compensation for the injuries suffered by plaintiff as a result of defendant Johnson's alleged negligence. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), contending that plaintiffs' suit was barred by the "fireman's rule." The circuit court agreed and granted defendants' motion.

Plaintiffs contend that the circuit court improperly granted defendants' motion for summary disposition. Plaintiffs argue that the injuries were not a result of performing a police function or con-

fronting dangers inherent in the police profession, and that the fireman's rule therefore does not bar plaintiffs' claim. We agree.

A motion for summary disposition pursuant to MCR 2.116(C)(8) determines the legal sufficiency of a claim. The determination must be based on the pleadings alone, taking all well-pleaded facts and reasonable inferences drawn therefrom as true. A motion for failure to state a claim should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and thereby justify recovery. *Bivens v Grand Rapids,* 190 Mich App 455, 457; 476 NW2d 431 (1991); *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990). When determining a motion for summary disposition pursuant to MCR 2.116(C)(10), the trial court must give the benefit of reasonable doubt to the nonmovant and determine whether a record might be developed that would leave open an issue upon which reasonable minds could differ. *Buczkowski v Allstate Ins Co (On Rehearing),* 198 Mich App 276, 278; 502 NW2d 343 (1993). All inferences must be drawn in favor of the nonmovant, *Mt Carmel Mercy Hosp v Allstate Ins Co,* 194 Mich App 580, 585; 487 NW2d 849 (1992), and summary disposition may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Dafter Sanitary Landfill v Superior Sanitation Service, Inc,* 198 Mich App 499, 502; 499 NW2d 383 (1993). This Court is liberal in finding a genuine issue of material fact. *Buczkowski, supra.*

The fireman's rule is a common-law doctrine that prohibits police officers and fire fighters from recovering damages from a private party for injuries arising from the negligence that created the need for the officer's or fire fighters presence.

*Kreski v Modern Wholesale Electric Supply Co,*
429 Mich 347, 357, 372; 415 NW2d 178 (1987). The
fireman's rule is based on the idea that police
officers and fire fighters should not be permitted to
sue the taxpayers who employ them to deal with
dangerous situations that are often caused by
negligence. *Id.,* 366-367. Our Supreme Court de-
clined to adopt the reasoning that the adoption of
the fireman's rule was primarily based on assump-
tion of the risk, *id.,* 365, and instead concluded
that considerations of fairness and public policy
compelled adoption of the rule in Michigan. *Id.,*
370.

The scope of the fireman's rule includes injuries
arising from the negligence that caused the inci-
dent that required the services of the safety officer,
and injuries arising from risks inherent in fulfill-
ing police or fire fighting duties. *Id.,* 372. In *Woods
v City of Warren,* 439 Mich 186, 190; 482 NW2d
696 (1992), our Supreme Court summarized the
fireman's rule as precluding police officers and fire
fighters from recovering for injuries sustained in
the course of duty. In *Woods,* the officer was
injured during an accident resulting from a high-
speed chase of a stolen vehicle. Our Supreme
Court determined that because the officer in that
case was not merely on patrol but was instead
chasing a suspect, he was performing a "classic
police function." The fireman's rule therefore pre-
cluded the officer's claim. *Id.,* 192. Our Supreme
Court rejected the police officer's argument that
the danger that caused the accident, the icy roads,
was not unique to police officers. *Id.* Our Supreme
Court reasoned that the test is not the uniqueness
of the circumstances to police officers, but rather
whether the injury stems directly from an officer's
police functions. If the injury does not stem di-

rectly from the officers' police functions, it is unlikely that the fireman's rule applies. *Id.,* 193.

Thus, the scope of the rule does not include all risks encountered by a safety officer, nor does the rule impart a license to act without regard for the well-being of a safety officer. *Kreski, supra,* 372. Rather, the rule only insulates a defendant from liability for injuries arising from the inherent dangers of the profession, including dangers arising from negligence relating to the condition of the premises. *Id.,* 372-373. The rationale of the fireman's rule is unlikely to apply to every circumstance involving an injury to a safety officer. *Woods, supra,* 193; *Kreski, supra.* Instead, the rule requires flexible application depending upon the circumstances. *Woods, supra; Kreski, supra.* In applying the fireman's rule, each case requires the balancing of the underlying rationales with the interest of allowing recovery where those rationales do not apply. *Woods, supra,* 191.

This Court has held that the fireman's rule does not apply to intentional abuse directed at a police officer, such as misconduct by a suspect resisting arrest. *Wilde v Gilland,* 189 Mich App 553, 554-556; 473 NW2d 718 (1991); *McAtee v Guthrie,* 182 Mich App 215, 220; 451 NW2d 551 (1989); *Rozenboom v Proper,* 177 Mich App 49, 57; 441 NW2d 11 (1989). This Court held the fireman's rule applicable, however, where the officer was injured in a high-speed chase, *McGhee v Dep't of State Police,* 184 Mich App 484, 486-487; 459 NW2d 67 (1990), and where an officer was injured in a slip and fall while investigating a shoplifting complaint. *Hill v Adler's Food Town, Inc,* 180 Mich App 495, 498; 447 NW2d 797 (1989).

We believe that the fireman's rule is inapplicable in this case. Following the direction of our Supreme Court, we must determine the applicabil-

ity of the fireman's rule in each case by "balancing
the underlying rationales with the interest of al-
lowing recovery when those rationales are not
implicated." *Woods, supra,* 191. We must further
keep in mind that the scope of the rule does not
include all risks encountered by a safety officer.
*Kreski, supra,* 372. In this case, plaintiff's injuries
did not arise from negligence that created a need
for an officer's presence, nor did the injuries stem
from performance of a police function. Plaintiff
was not injured, for example, while investigating a
crime or engaging in a high-speed chase. Rather,
plaintiff's motorcycle struck an allegedly negligent
motorist as plaintiff drove from one location where
he had performed a duty to another location
where he was to begin patrol. In *Woods,* the rule
was held to bar the officer's claim because the
officer was not merely on patrol but was instead
chasing a suspect, and was therefore performing a
"classic police function." *Id.,* 192. In this case, not
only was the officer not pursuing a suspect, he was
allegedly not even on patrol. The rationale that
safety officers should not be permitted to sue the
taxpayers who employ them to deal with such
dangerous situations therefore could not underlie
the application of the rule in this case.

Reversed and remanded. We do not retain juris-
diction.

Jansen, J., concurred.

Weaver, P.J. *(dissenting).* I write to dissent from
the majority opinion, because I would hold that
the fireman's rule does bar recovery by plaintiff.

At the time he was injured, plaintiff was driving
a police department motorcycle, traveling from the
36th District Court to his patrol area. In his
deposition, plaintiff admitted that he did not have

to check in at the station and that at the time of the accident he was in the area he normally patrolled.

In *Woods v City of Warren,* 439 Mich 186, 193-194; 482 NW2d 696 (1992), our Supreme Court said that the starting point of analysis is the kind of duty that the officer performs, duties that expose officers to risks of injury far more than the public at large. Plaintiff was a traffic enforcement officer who was assigned to patrol an area. The risk of being in a traffic accident is a risk inherent in his duties.

I would affirm the trial court's order granting summary disposition.