MARIIN v FLEUR, INC

Docket No. 168486. Submitted October 6, 1994, at Marquette. Decided February 21, 1995, at 9:00 A.M. Leave to appeal sought.

David P. Mariin brought an action in the Delta Circuit Court against Fleur, Inc., and William Tardiff, seeking damages for injuries sustained when Mariin, a police officer, was assaulted by Tardiff, a patron in a bar operated by Fleur, Inc. The assault occurred while Mariin was off duty and socializing at the bar. The trial court, Dean J. Shipman, J., granted summary disposition for Fleur, Inc., with regard to Mariin's dramshop action against it, finding that the fireman's rule, which provides that fire fighters and police officers may not recover damages for injuries arising out of the risks inherent in their respective professions where the cause of the injury arises from the reason for the officer's presence, prevented any recovery. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

The fireman's rule does not preclude the plaintiff's dramshop action against the bar. The fireman's rule does not apply because the plaintiff's presence at the scene of the injury was not occasioned by his duties as a police officer.

Reversed and remanded.

*Stupak & Bergman, P.C.* (by *Frank A. Stupak, Jr.*), for the plaintiff.

*McGinty, Jakubiak, Frankland, Hitch & Henderson, P.C.* (by *Vittorio E. Porco*), for Fleur, Inc.

Before: GRIFFIN, P.J., and SAWYER and R. L. ZIOLKOWSKI,* JJ.

SAWYER, J. Plaintiff appeals by leave granted from an order of summary disposition for defen-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

dant Fleur, Inc., with regard to plaintiff's dram-shop action. We reverse.

This case involves an assault on plaintiff by defendant William Tardiff at Wally's Bar, operated by defendant Fleur, Inc. Plaintiff has been employed for a number of years as a police officer with the Gladstone Public Safety Department and was off duty socializing with other off-duty officers at Wally's Bar. A few years before the present incident, Tardiff had been arrested by plaintiff during a raid on some teen-agers having a drinking party. According to plaintiff, thereafter "bad blood" existed between Tardiff and himself. On a number of occasions, Tardiff expressed his animosity toward plaintiff and other Gladstone officers whenever he met them on city streets.

During the incident in question, Tardiff made verbal threats to plaintiff and grabbed his shirt. While attempting to extricate himself from Tardiff's grasp, plaintiff fell backwards over a barstool and sustained injury to his left arm, including a torn rotator cuff that subsequently required surgery.

Thereafter, plaintiff instituted the present action against Tardiff and Wally's Bar, the latter being based on the dramshop act, MCL 436.22; MSA 18.993. The trial court granted summary disposition for Wally's Bar, concluding that suit was prevented under the so-called fireman's rule. The action against Tardiff is not at issue in this appeal.

The only question presented for our consideration is whether the fireman's rule precludes plaintiff's dramshop action against Wally's Bar. We conclude that it does not. The fireman's rule was adopted by the Supreme Court in *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347; 415 NW2d 178 (1987). Simply put, the fireman's rule provides that fire fighters and police officers may

not recover damages for injuries arising out of the risks inherent in their respective professions. *Id.* at 351. However, we do not believe that the rule is applicable to the case at bar.

The *Kreski* Court, *id.* at 358, formulated the fireman's rule as follows:

> While the rule may have slightly different permutations among the states, its most basic formulation is that a fire fighter or police officer may not recover damages from a private party for negligence in the creation of the reason for the safety officer's presence.

The final portion of that definition is of particular importance here, namely, that the rule applies to negligence in the creation of the reason for the officer's presence. This theme is reiterated later in *Kreski, id.* at 368, where the Court says the following:

> Fire fighters and police officers often arrive at unpredictable times and may enter portions of the premises not open to the public. Prosser & Keeton [Torts (5th ed)], § 61, p 431. *Generally, the occasion for their presence is an emergency. Id.* While it is true that situations arise in which the need for fire fighters or police officers are [sic] predictable, their appearance at a specific time or place is not. *Pearson v Canada Contracting Co, Inc,* 232 Va 177 [184-185]; 349 SE2d 106, 111 (1986). Thus, it is an unreasonable burden on landowners to require them to prepare their premises for the arrival of police officers or fire fighters. [Emphasis added.]

It should be noted, however, that the Court did not limit application of the fireman's rule to premises liability claims. The Court, *supra* at 376, noted that the rule was broader than the landowner/occupier context:

We agree that the fireman's rule should not be limited to a landowner/occupier context. While the rule is partially based on protecting landowners and occupiers from an undue burden of keeping their premises safe for fire fighters and police officers, that is simply one component of the rule. The major underpinning of the rule is that the job of safety officers is to confront risks generally caused by negligence, and thus, as a matter of policy, the safety officers may not recover damages for injuries arising out of negligence in causing the reason for their presence.

Finally, the Court, *id.* at 372-373, noted that the fireman's rule does not allow a person to act with impunity, rather it only insulates a defendant from liability for injuries to a public safety officer that arise out of the inherent dangers of the profession:

The scope of the rule adopted today includes negligence in causing the incident requiring a safety officer's presence and those risks inherent in fulfilling the police or fire fighting duties. Of course, this does not include all risks encountered by the safety officer. The fireman's rule is not a license to act with impunity, without regard for the safety officer's well-being. The fireman's rule only insulates a defendant from liability for injuries arising out of the inherent dangers of the profession.

The Supreme Court revisited the fireman's rule in *Woods v City of Warren,* 439 Mich 186; 482 NW2d 696 (1992). In *Woods, id.* at 193, the Court reiterated that the focus of the fireman's rule is on whether the injuries stem directly from the officer's duties:

As *Kreski*'s articulation of the fireman's rule rationale indicates, the analytical focus must be on

whether the injury stems directly from an officer's police functions. If the circumstances indicate that it does, the fireman's rule applies. If the circumstances indicate otherwise, it likely does not.

Furthermore, the *Woods* Court, *supra* at 194, went on to note that the *Kreski* decision had left open the question whether various exceptions to the fireman's rule should be recognized, indicating that the fireman's rule must be applied flexibly to avoid a rigid and formalistic application in circumstances the rule was not intended to address:

> Plaintiff's next argument asserts that *Kreski* apparently recognizes several "exceptions" to the fireman's rule. It did not. The *Kreski* Court did indicate that the rationale of the fireman's rule might not apply in every circumstance involving an injury to a safety officer. It suggested, for instance, that buildings open to the public might justify a different result and that injuries resulting from intentional torts might also justify disregarding the fireman's rule. The Court did not, however, establish that those circumstances prevented application of the fireman's rule. It merely used them to indicate its willingness to apply the rule flexibly as circumstances required. That the *Kreski* Court chose this language to avoid rigid and formalistic adjudication does not mean it intended to defeat application of the fireman's rule when otherwise justified.

With these principles in mind, we reach the conclusion that the case at bar does not present a case that falls within the application of the fireman's rule. First, we note that there is some difference between application of the rule with regard to plaintiff's suit against Wally's Bar and an application against defendant Tardiff himself. Tardiff was involved in an intentional tort, an assault on plaintiff, with plaintiff being injured

while attempting to extricate himself from that assault. This Court has held that the fireman's rule does not apply to intentional abuse directed at a police officer, such as misconduct by a suspect resisting arrest. See *Stehlik v Johnson,* 204 Mich App 53, 57; 514 NW2d 508 (1994). However, with respect to Wally's Bar, the theory of liability is a violation of the dramshop act, not an intentional tort such as assault.[1]

However, with respect to the dramshop claim, we believe it is important to return to the basic formulation of the fireman's rule, namely, that there cannot be liability for injuries arising out of the inherent dangers of the profession where the cause of the injury arises from the reason for the officer's presence. In the case at bar, it might be said that it is an inherent danger of law enforcement that an arrestee may harbor ill will against the arresting officer and, at some point thereafter, attack the officer. However, what is missing in the present case is a showing that the officer's presence at the scene of the injury was occasioned by his duties as a police officer. That is, plaintiff was not at Wally's Bar because he was answering a police call. Rather, he was socializing there while off duty. It might be appropriate to apply the fireman's rule had plaintiff been injured while responding on duty to a bar brawl at Wally's Bar or, for example, while rendering assistance to the bar in an attempt to eject Tardiff because of his intoxicated condition and his refusal to leave. However, that is not what happened here. Plaintiff was not summoned to Wally's Bar to act as a

---

[1] Of course, there allegedly would be a connection between the violation of the dramshop act and the assault, namely, that the bar's serving of a visibly intoxicated person, thus increasing the level of intoxication, contributed to the intoxicated person's assaultive behavior.

police officer. He was present at the bar as a private citizen and it is merely fortuitous that there was also present someone at the bar who harbored ill will toward plaintiff because of his profession. Accordingly, because it was not any conduct by Tardiff, or anyone else, at Wally's Bar that occasioned plaintiff's presence there, we conclude that the fireman's rule does not apply under the facts of this case to plaintiff's dramshop claim against Wally's Bar.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.