NATIONAL CENTER FOR MANUFACTURING SCIENCES, INC v CITY
OF ANN ARBOR

Docket No. 190663. Submitted December 17, 1996, at Detroit. Decided
February 14, 1997, at 9:10 A.M.

National Center for Manufacturing Sciences, Inc., (NCMS) and others
filed a petition in the Tax Tribunal to appeal assessments of real
property taxes on premises occupied by NCMS as a lessee, claiming
that NCMS qualified for tax exemption under § 74(6) of the Michigan
Strategic Fund Act, MCL 125.2074(6); MSA 3.541(274)(6). The tribu-
nal decided that NCMS was entitled to the tax exemption. The city
appealed.

The Court of Appeals *held*:

1. Section 74(6) provides that property owned and used or occu-
pied by a nonprofit research and development enterprise that
receives or has received financial aid of $1 million or more pursu-
ant to § 74 or 1982 PA 70 is exempt from ad valorem real and per-
sonal property taxes imposed under the general property tax act,
MCL 211.1 *et seq.*; MSA 7.1 *et seq.*, while the property is used or
occupied by the nonprofit research and development enterprise
solely for the purpose of performing research and development in
present and emerging technology and of the application of that
technology to business and industry and provided that the research
and development enterprise retains its nonprofit status under
§ 501(c)(3) of the Internal Revenue Code, 26 USC 501(c)(3).

2. Competent, material, and substantial evidence supports the
Tax Tribunal's finding that NCMS engaged in research at the leased
premises so as to qualify for the tax exemption because NCMS coor-
dinated research and thereby caused research to be performed.

3. Contrary to the city's contention, § 74(6) does not require that
real property for which a tax exemption is claimed by the user or
occupier of the property must also be owned by the user or occu-
pier. The construction of § 74(6) urged by the city renders "or
occupied" meaningless surplusage because real and personal prop-
erty can be owned and used, and the pertinent legislative history
indicates an intent by the Legislature to apply the tax exemption to
both owned and leased property. The Michigan Strategic Fund Act,
as the more specific and recent statute, prevails in this case over

the general property tax act, which requires that a scientific institution, in order to qualify for a tax exemption, must own and occupy the real property.

Affirmed.

1. TAXATION — REAL PROPERTY TAXES — EXEMPTIONS — RESEARCH AND DEVELOPMENT ENTERPRISES — MICHIGAN STRATEGIC FUND ACT.

A nonprofit research and development enterprise that uses or occupies its premises to coordinate research satisfies the requirement set by the Michigan Strategic Fund Act for exemption from real property taxes that the premises be used or occupied solely for the purpose of performing research and development (MCL 125.2074[6]; MSA 3.541[274][6]).

2. TAXATION — REAL PROPERTY TAXES — EXEMPTIONS — RESEARCH AND DEVELOPMENT ENTERPRISES — MICHIGAN STRATEGIC FUND ACT.

The use or occupation of premises solely for the purpose of performing research and development, but not the ownership of premises, is a requirement for the exemption from real property taxes provided by the Michigan Strategic Fund Act to nonprofit research and development enterprises (MCL 125.2074[6]; MSA 3.541[274][6]).

*Sills, Law, Essad, Fiedler & Charboneau, P.C.* (by *Ernest J. Essad, Jr.,* and *Charles A. Fiedler*), for the petitioners.

*John K. Van Loon,* Acting City Attorney, for the respondent.

Before: CAVANAGH, P.J., and REILLY and C. D. CORWIN*, JJ.

CAVANAGH, P.J. Respondent appeals as of right from the decision of the Michigan Tax Tribunal finding that petitioner National Center for Manufacturing Sciences, Inc., (NCMS) was entitled to tax-exempt status under the Michigan Strategic Fund Act, MCL 125.2001 *et seq.*; MSA 3.541(201) *et seq.* We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The facts of this case are essentially undisputed. The NCMS is a nonprofit corporation incorporated under Delaware law with its principal place of business in Ann Arbor. The State of Michigan recruited the NCMS, formerly a California nonprofit corporation, to become one of the research centers established under the act. See MCL 125.2073; MSA 3.541(273). Through the Michigan Strategic Fund, the NCMS receives dues from its members and funds from the federal government, private foundations, and the State of Michigan. The NCMS manages seven distinct research groups and employs approximately one hundred people. The NCMS coordinates research at the subject sites, and projects are contracted out to its roughly two hundred members.

The tax years in dispute are 1988, 1994, and 1995. In 1988, the NCMS leased a portion of the office property located at 900 Victor's Way from petitioner Atrium Associates as lessor and petitioner The Fisher Group as sublessor. In January 1993, the NCMS moved to a new location at 3025 Boardwalk, where it leased office space from petitioner Boardwalk Office Centre Limited Partnership as lessor and petitioner LBMS, Inc., as sublessor. After respondent denied the exemptions, petitioners appealed to the Tax Tribunal.[1] A hearing was held on April 6, 1995. On August 22, 1995, the tribunal issued a ruling holding that the

---

[1] Respondent argued in the Tax Tribunal that the Michigan Strategic Fund Act was unconstitutional. After the referee indicated that the tribunal did not have jurisdiction to evaluate the constitutionality of the statutory provision, respondent sought a declaratory judgment in the Washtenaw Circuit Court. Respondent's claim was rejected by both the circuit court and this Court. *Ann Arbor v Nat'l Center for Mfg Sciences, Inc*, 204 Mich App 303; 514 NW2d 224 (1994). By the time these proceedings concluded, the NCMS had sought an exemption at the Boardwalk site.

NCMS qualified for tax exemption under MCL 125.2074(6); MSA 3.541(274)(6) because it occupied the subject properties solely for the purpose of performing research and development. The tribunal further held that ownership of the subject property was not required by the statute. This appeal ensued.

I

Respondent first argues that the Tax Tribunal erred in construing the act. Specifically, respondent contends that MCL 125.2074(6); MSA 3.541(274)(6) requires that the facility for which an exemption is claimed be used solely for research. Respondent claims that the NCMS does not conduct on-site research and that the Tax Tribunal therefore erred in finding that the NCMS was eligible for the tax exemption.

Judicial review of a determination by the Tax Tribunal is limited to determining whether the tribunal made an error of law or applied a wrong principle. The factual findings of the tribunal are final, provided that they are supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Comcast Cablevision of Sterling Heights, Inc v Sterling Heights*, 218 Mich App 8, 11; 553 NW2d 627 (1996).

The purpose of the Michigan Strategic Fund Act is to assist the economy of the state by, *inter alia*, promoting and developing agriculture, forestry, commerce, and industry. See MCL 125.2002; MSA 3.541(202). The act authorizes the creation of a center for research and development and created a research center fund that is used to provide financial aid to nonprofit research and development enterprises. See

MCL 125.2072; MSA 3.541(272), MCL 125.2073; MSA 3.541(273). The act also provides a tax exemption for property owned and used by a research and development corporation while the property is used or occupied solely for the purpose of performing research and development. See MCL 125.2074(6); MSA 3.541(274)(6). The provisions of the act are to be liberally construed to effectuate its stated purpose. MCL 125.2091; MSA 3.541(291).

The act provides:

> Property owned and used or occupied by a nonprofit research and development enterprise that receives or has received financial aid in the amount of $1,000,000.00 or more pursuant to this section or pursuant to former Act No. 70 of the Public Acts of 1982 is exempt from ad valorem real and personal property taxes imposed under the general property tax act, Act No. 206 of the Public Acts of 1893, being sections 211.1 to 211.157 of the Michigan Compiled Laws, while the property is used or occupied by that nonprofit research and development enterprise solely for the purpose of performing research and development in present and emerging technology and of the application of that technology to business and industry and provided that the research and development enterprise retains its nonprofit status under section 501(c)(3) of the internal revenue code. [MCL 125.2074(6); MSA 3.541(274)(6).]

Statutory interpretation is a question of law subject to review de novo on appeal. *Golf Concepts v Rochester Hills*, 217 Mich App 21, 26; 550 NW2d 803 (1996). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first

criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Barr v Mount Brighton Inc*, 215 Mich App 512, 516-517; 546 NW2d 273 (1996). However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Yaldo v North Pointe Ins Co*, 217 Mich App 617, 620-621; 552 NW2d 657 (1996).

In general, tax exemption statutes must be strictly construed in favor of the taxing unit. *DeKoning v Dep't of Treasury*, 211 Mich App 359, 361-362; 536 NW2d 231 (1995). However, this rule does not permit a strained construction adverse to the Legislature's intent. *Holland Home v Grand Rapids*, 219 Mich App 384, 396; 557 NW2d 118 (1996).

The crux of respondent's argument is that the NCMS's on-site activities do not constitute "research in any traditional sense." However, respondent provides no authority for its definition of "research." The term is not defined in the act.[2] When, as in this case, a word is not defined in the statute, a court may consult dictionary definitions. *Yaldo, supra* at 621. In *Random House Webster's College Dictionary* (1995), "research" is defined as "a diligent and systematic inquiry into a subject in order to discover or revise facts, theories, etc." At the Tax Tribunal hearing, Peter Plasnik, the former director of the Michigan

---

[2] The act does define a "research and development enterprise" as "any person found by the fund to be engaged in the business which has as its principal function the discovery of new substances and the refinement of known substances, processes, product, theories and ideas . . . ." MCL 125.2071(b); MSA 3.541(271)(b).

Strategic Fund, testified that research is not limited to a specific experiment; other critical steps in the research process include the definition of the research agenda, raising the money to perform the necessary experiments, and the monitoring and evaluation of the results.

Respondent essentially contends that because the actual experiments are not performed on site, the NCMS is not entitled to the tax exemption. We believe that respondent's definition of "research" is both unnecessarily restrictive and, given the stated purpose of the act, would lead to an unreasonable result. In construing a statute, absurd or unreasonable results are to be avoided. *Dafter Sanitary Landfill v Superior Sanitation Service, Inc*, 198 Mich App 499, 502; 499 NW2d 383 (1993). Every witness who testified stated that the function of the NCMS is to define, coordinate, and monitor research and to analyze and disseminate the results. We believe that these activities constitute "research" within the meaning of MCL 125.2074(6); MSA 3.541(274)(6). Therefore, we conclude that the tribunal did not err in interpreting "research and development" to include the cooperative research engaged in by the NCMS.

The Tax Tribunal found that the NCMS "coordinates research at the subject sites and, through that coordination, causes research to be performed."[3] The tribunal further found that the "NCMS does use or occupy the property solely for the purpose of performing research and development." These findings are sup-

---

[3] The tribunal stated in its opinion that no research is conducted on the site. We assume that the tribunal meant that no testing was done at the site, because it went on to find that the NCMS used the property solely for the purpose of research and development.

ported by competent, material, and substantial evidence. Accordingly, the tribunal did not err in finding that the NCMS is eligible for the tax exemption under the act.

II

Respondent next argues that a nonprofit enterprise is entitled to a tax exemption under MCL 125.2074(6); MSA 3.541(274)(6) only when it owns the real property at issue. Respondent contends that the property must be owned, and in the case of personal property be used, or in the case of real property be occupied, in order for a nonprofit enterprise to qualify for the tax exemption.

We do not find respondent's interpretation of the statute persuasive. Construing the phrase "owned and used or occupied" to mean that the property must be owned in addition to being either used or occupied renders the words "or occupied" meaningless surplusage because both real and personal property can be owned and used. When interpreting a statute, the Court must read the statute to avoid rendering any word surplusage or nugatory. See *Halabu v Behnke*, 213 Mich App 598, 604; 541 NW2d 285 (1995). Moreover, in construing a statute, the literal meaning of "or" should be followed unless it renders the statute dubious. *Beauregard-Bezou v Pierce*, 194 Mich App 388, 393; 487 NW2d 792 (1992). In the present case, reading the statute as requiring that property be "owned and used" if personal property, or "occupied" if real property, gives meaning to each word of the statute and does not render its meaning dubious.

Moreover, where the use of the disjunctive "or" creates an ambiguity in a statute, the language must be

construed to give effect to the legislative intent, and the words of the statute must be construed in light of the general purpose sought to be accomplished by the Legislature. *Nolan v Dep't of Licensing & Regulation*, 151 Mich App 641, 648; 391 NW2d 424 (1986). In the original version of the tax exemption, the requirement was simply that property be "owned or occupied." However, the House Taxation Committee altered the language "to take into account the fact that the tax exemption applies to personal property as well as real property." Senate Legislative Analysis, SB 227, November 23, 1987. Thus, the original wording of the bill, which the amendments were not intended to alter, demonstrates that the exemption applies to both owned and leased property.

Respondent argues that the requirement in the general property tax act that a scientific institution must own and occupy real property in order to qualify for a property tax exemption[4] evinces an intent on the part of the Legislature to similarly restrict the exemption granted under the Michigan Strategic Fund Act. However, the customary rule is that when two statutes conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Ladd v Ford Consumer Finance Co, Inc*, 217 Mich App 119, 128; 550 NW2d 826 (1996). The rules of statutory construction also provide that a more recently enacted law has precedence. *Malcolm v East Detroit*, 437 Mich 132, 139; 468 NW2d 479 (1991). These rules are particularly persuasive when one statute is both the more specific and the more recent. *Hill v Dep't of Treasury*, 202 Mich App 700,

---

[4] See MCL 211.7n; MSA 7.7(4k).

704; 509 NW2d 905 (1993). In the present case, because the Strategic Fund Act is both more specific and more recent than the general property tax act, its provisions control.

Affirmed.