WALTERHOUSE v ACKLEY

Docket No. 196988. Submitted June 4, 1997, at Grand Rapids. Decided
October 17, 1997, at 9:25 A.M. Leave to appeal granted, 457 Mich
___.

LaVonna Walterhouse brought an action in the Calhoun Circuit Court
against Ollie Ackley on May 5, 1995, seeking custody of two minor
children of the defendant. The defendant, a daughter of the plain-
tiff, had agreed in September 1986 to the appointment by the pro-
bate court of the plaintiff as limited guardian of the children. The
limited guardianship was to terminate on September 1, 1995, pursu-
ant to an order of the probate court issued upon the defendant's
petition to terminate the limited guardianship. The defendant
moved for summary disposition of the custody action, contending
that the plaintiff lacked standing to bring the action. The court,
Phillip E. Harter, J., denied the motion, ruling that the plaintiff had
standing pursuant to § 26b of the Child Custody Act, MCL 722.26b;
MSA 25.312(6b). Following a trial, the court awarded custody of
the children to the plaintiff. The defendant appealed, claiming that
the court erred in ruling that the plaintiff had standing to bring the
custody action.

The Court of Appeals *held*:

Section 26b of the Child Custody Act, which, effective December
10, 1990, granted to limited guardians standing to bring custody
actions, must be read in pari materia with § 424c of the Revised
Probate Code, MCL 700.424c; MSA 27.5424(3), which, effective
December 20, 1990, by its express terms, governs the termination
of guardianships for minors established before, on, or after Decem-
ber 20, 1990. Pursuant to § 424c, upon a petition by a parent or the
parents for the termination of a limited guardianship established
before December 20, 1990, the probate court may terminate the
guardianship, or continue it for no more than one year from the
date of the hearing on the petition and order the parent or parents
to comply with a court-structured plan that will enable the child to
return to the home of the child's parent or parents.

In this case, the circuit court improperly asserted its jurisdiction
and interfered with the probate court's reintegration order. The
case must be remanded to the circuit court for vacation of its order

granting custody of the children to the plaintiff. The probate court may reenforce its order or enter a new order in light of the current circumstances.

Reversed and remanded.

GUARDIAN AND WARD — LIMITED GUARDIANS — PARENTS' PETITIONS TO TERMI-
NATE GUARDIANSHIPS — GUARDIANS' STANDING TO BRING CUSTODY
ACTIONS.

   A limited guardian pursuant to a guardianship created before December 20, 1990, loses standing to bring an action for custody of the child upon the filing in the probate court on or after December 20, 1990, of a petition by a parent or the parents of the child for termination of the limited guardianship (MCL 700.424c, 722.26b; MSA 27.5424[3], 25.312[6b]).

*Brenda M. Koppe,* for the plaintiff.

*Jeanne M. McGuire,* for the defendant.

Before: GAGE, P.J., and MCDONALD and FITZGERALD, JJ.

MCDONALD, J. Defendant appeals as of right from a July 21, 1996, circuit court order awarding custody of her two minor children to plaintiff, the children's maternal grandmother. We reverse and remand.

In September 1986, defendant voluntarily granted plaintiff a limited guardianship of her children. The children were approximately twenty-eight and fourteen months old at the time. Plaintiff retained custody of the children with varying degrees of contact with defendant until defendant petitioned the probate court to terminate the guardianship in November 1994. Defendant alleges she petitioned for termination of the guardianship because she believed the children were being abused by plaintiff and plaintiff's husband. Pursuant to a reintegration order, plaintiff's limited guardianship was to terminate on September 1, 1995. On May 2, 1995, the Department of Social Services

placed the children in defendant's home for an "extended visitation." On May 5, 1995, plaintiff filed a complaint and motion for temporary and permanent custody in the circuit court, alleging defendant is not a fit and proper person to have the care, custody, and control of the children.[1] Thereafter, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(5) and (8), claiming plaintiff, as the children's grandmother, lacked standing to sue for custody of the children. Following a hearing, the circuit court entered an order denying defendant's motion and finding plaintiff had standing to make a custodial claim on behalf of the children. The court purportedly based its conclusion on the plain meaning of the statute granting standing to limited guardians, MCL 722.26b; MSA 25.312(6b), as well as the legislative intent behind its enactment.

Following a two-day custody trial during which allegations of neglect and abuse were presented by both parties,[2] the trial court awarded custody of the two children to plaintiff.

On appeal, defendant claims the trial court erred in finding plaintiff had standing to sue for custody of the children. We agree.

---

[1] Upon the filing of a child custody action brought by a guardian or limited guardian of a child, all guardianship proceedings concerning that child in the probate court are stayed pending disposition of the child custody action. MCL 722.26b(4); MSA 25.312(6b)(4).

[2] The evidence revealed one of the children had been sexually molested while in plaintiff's care, that each of defendant's husbands, including her current one, had been convicted of criminal sexual conduct, and that when given the choice by the court to either be returned to their grandparents' home or placed in foster care, both children chose foster care. We also note the court's indication on the record that if it were not granting custody to plaintiff it would be "looking towards a termination of parental rights" based on defendant's conduct.

Section 26b became effective on December 10, 1990, and grants standing to a limited guardian in a custody action as follows:

> (1) Except as otherwise provided in subsection (2), a guardian or limited guardian of a child has standing to bring an action for custody of the child pursuant to this act.
>
> (2) A limited guardian of a child does not have standing to bring an action for custody of the child if the parent or parents of the child have substantially complied with a limited guardianship placement plan regarding the child entered into pursuant to section 424a of the revised probate code . . . . [MCL 722.26b; MSA 25.312(6b).]

Section 424a of the Revised Probate Code describes the requirements of the placement plan and states in part:

> (2) The parent or parents of a minor who desire to have the court appoint a limited guardian for that minor and the person or persons who desire to be appointed limited guardian for that minor shall develop a limited guardianship placement plan. . . . . A limited guardianship placement plan form shall include a notice that informs a parent who is a party to the plan that substantial failure to comply with the plan without good cause may result in the termination of the parent's parental rights . . . . [MCL 700.424a; MSA 27.5424(1).]

Section 26b does not address its applicability to a limited guardianship created before the effective date of the amendment.

A cursory reading of the statute might lead to the assumption suggested by plaintiff, and accepted by the trial court, that the statute grants limited guardians broad and unfettered authority to commence custody actions, limited only in those cases where a guardianship placement plan was entered into and

complied with. However, given the history of the enactment of the statute, it is clear the statute may not be read in a vacuum. Not only does the body of the statute refer to § 424 of the Revised Probate Code, but a review of the history of its enactment reveals its enactment was contingent on the enactment of corresponding amendments of the Revised Probate Code.

Before the December 20, 1990, amendment adding § 26b, no placement plan was required of the parties to a limited guardianship, guardians and limited guardians did not have standing to bring child custody actions, and parents were permitted to terminate a limited guardianship no matter how long its duration. *In re Rankin*, 433 Mich 592; 447 NW2d 741 (1989). Apparently recognizing the expanded use parties were making of limited guardianships to place unwanted children with family members or to forestall action by authorities investigating allegations of abuse or neglect, and the extreme hardships the existing laws on guardianships placed on this usage, enactment of the above amendment of the Child Custody Act was proposed in conjunction with proposed amendments of the Revised Probate Code that have now been enacted as MCL 700.424 *et seq.*;    MSA 27.5424 *et seq.*[3] The proposed amendments contained contingent-effect provisions. No provisions would be effective unless all were enacted. Thus, to properly interpret and apply § 26b, we must look to the corresponding amendment of the Revised Probate Code.

The amended sections of the Revised Probate Code, §§ 424a, 424b, and 424c, contain specific

---

[3] House Legislative Analysis, HB 6018, 6019, November 14, 1990.

detailed rules and procedures regarding the creation, maintenance, and termination of guardianships. *Bowie v Arder*, 441 Mich 23; 490 NW2d 568 (1992). As noted, § 424a addresses the creation of a limited guardianship and requires the creation of a guardianship placement plan. Section 424c addresses the termination of guardianships. The legislature, in drafting the revisions to the Probate Code, unlike in drafting § 26b of the Child Custody Act, made clear its intent that the termination rules and procedures set forth in § 424c be applied "to all guardianships established before, on, or after the effective date of [the] section" MCL 700.424c(6); MSA 27.5424(3)(6). Section 424c provides in part:

(1) The parent or parents of the minor may petition the court to terminate a guardianship for the minor . . . .

\* \* \*

(3) After notice and hearing on a petition to terminate a limited guardianship, the court shall terminate the limited guardianship if it determines that the parent or parents of the minor have substantially complied with the limited guardianship placement plan. The court may enter orders to facilitate the reintegration of the minor into the home of the parent or parents for a period of up to 6 months prior to the termination.

(4) For all petitions to terminate a guardianship in which subsection (3) does not apply, the court, after notice and hearing, may do any of the following:

(a) Terminate the guardianship if the court determines that it is in the best interests of the minor . . . .

(b) Continue the guardianship for not more than 1 year from the date of the hearing if the court determines that it is in the best interests of the minor, and do any of the following:

(i) If the guardianship is a limited guardianship, order the parent or parents to comply with 1 of the following:

(A) The limited guardianship placement plan.

(B) A court-modified limited guardianship placement plan.

(C) If the limited guardianship was established before [December 20, 1990], a court-structured plan that will enable the child to return to the home of his or her parent or parents. [MCL 700.424c; MSA 27.5424(3).]

Section 424c is clear. A limited guardianship established before the December 20, 1990, amendments of the Child Custody Act and the Revised Probate Code must be terminated not more than one year from the date of the hearing on the petition to terminate the guardianship, and the child or children must be returned to their parent or parents' home pursuant to a court structured plan. We decline to read § 26b of the Child Custody Act in a manner that negates or avoids the specific outcome mandated by § 424c.

As noted, the Legislature was explicit in its intent that § 424c be applied to all guardianships created either before or after the amendments. No similar intent may be found with regard to the retroactive application of § 26b of the Child Custody Act. Statutes that relate to the same subject matter or share a common purpose are in pari materia and should be read together as one law to effectuate their intent. *Rowley v Garvin*, 221 Mich App 699; 562 NW2d 262 (1997). Moreover, when two statutes conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Nat'l Center for Mfg Sciences, Inc v Ann Arbor*, 221 Mich App 541; 563 NW2d 65 (1997). Here § 26b is a general statute conveying standing to limited guardians in certain circumstances, whereas §§ 424a, 424b,

and 424c comprise specific regulation of the creation, maintenance, and termination of such guardianships. Section 424c, being specific in nature, must prevail over § 26b.[4]

The circuit court erred in applying § 26b retroactively to a guardianship created before December 20, 1990, and thus improperly asserted its jurisdiction. *Bowie, supra.* We therefore remand to the circuit court for vacation of its order granting custody of the children to plaintiff. Because the probate court's reintegration order was interrupted by the action in the circuit court, on remand the probate court may enforce the original order or enter a new order to accommodate the current circumstances. Moreover, acknowledging the lower court's prior statements questioning defendant's ability to properly care for the children, we also note the probate court's authority to act under MCL 700.424(2)(a); MSA 27.5424(2)(a) or MCL 712A.2(b); MSA 27.3178(598.2)(b).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] Although we have concluded the Legislature did not intend § 26b to be applied retroactively to guardianships established before December 29, 1990, had the Legislature intended such an application there would be a serious question regarding the constitutionality of the amendment, given the lack of notice of the possible termination of parental rights without a finding of neglect or abuse to those parents entering into guardianship relationships before the amendment. It is likely the Legislature, because of constitutional restraints, mandated the return of children to their parents upon the termination of guardianships established before the amendment under § 424c.